[THE STATE, EX REL.] WALTON, APPELLANT, *v.* HUNTER, JUDGE, APPELLEE.

[Cite as State, ex rel. Walton, *v.* Hunter (1990), 53 Ohio St. 3d 269.]

(No. 90-466—Submitted May 15, 1990—Decided September 12, 1990.)

court of appeals felt that such a broad claim was insupportable, and so do we. The Ordinance of 1787 was superseded by the Constitution of the state of Ohio when Ohio was admitted to the Union. *Sands* v. *Manistee River Improvement Co.* (1887), 123 U.S. 288; *State, ex rel. Donahey,* v. *Edmondson* (1913), 89 Ohio St. 93, 105 N.E. 269, paragraph three of the syllabus. The jurisdiction of appellee's court is thus fixed by Section 4, Article IV of the Constitution, and laws enacted thereunder.

On appeal, appellant challenges the authority of the court of appeals to strike his pleading. We similarly reject this argument. We continue to adhere to the decisions of *Sands* and *Donahey*. Under these decisions the appellate court, as well as appellee, has full judicial authority authorized by law.

*Frederick W. Walton, pro se.*

*Charles L. Bartholomew,* prosecuting attorney, for appellee.

*Per Curiam.* This case was an original action in the court of appeals. Civ. R. 12(F) permits a court to strike insufficient claims. Apparently, the

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.