THE STATE EX REL. NEFF, APPELLANT, *v.* CORRIGAN, JUDGE, ET AL., APPELLEES.

[Cite as *State ex rel. Neff v. Corrigan* (1996), 75 Ohio St.3d 12.]

(No. 95–553—Submitted October 24, 1995—Decided March 1, 1996.)

14

*Snyder, Neff & Chamberlin* and *Owen Calvin Neff, pro se.*

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, *Gregory B. Rowinski* and *Carol Shockley,* Assistant Prosecuting Attorneys, for appellee Judge Corrigan.

*Reminger & Reminger Co., L.P.A.,* and *Clifford C. Masch,* for appellee Joan M. Litzow.

DOUGLAS, J.   Appellant asserts in his first proposition of law that the court of appeals erred in granting Judge Corrigan's and Litzow's Civ.R. 12(B)(6) motions to dismiss for failure to state a claim upon which relief can be granted and Donahue & Scanlon and Porter's Civ.R. 12(F) motion to strike.   In order to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, after all factual allegations are presumed true and all reasonable inferences are made in favor of the nonmoving party, it must appear beyond doubt from the complaint that the relator/plaintiff can prove no set of facts warranting relief.   *State ex rel. Williams Ford Sales, Inc. v. Connor* (1995), 72 Ohio St.3d 111, 113, 647 N.E.2d 804, 806.

As to the motion to strike, Civ.R. 12(F) provides that on motion of a party, "the court may order stricken from any pleading any insufficient claim or defense or any redundant, immaterial, impertinent or scandalous matter."   The motion to strike attacked the sufficiency of appellant's complaint in its entirety.   While an insufficient complaint may be subject to a Civ.R. 12(F) motion to strike, these motions should not be used as a substitute for a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted.   See, *e.g.,* McCormac, Ohio Civil Rules Practice (2 Ed.1992) 140, Section 6.10.   Instead, a Civ.R. 12(B)(6) motion to dismiss is directed to the entire pleading, whereas a Civ.R. 12(F) motion to strike based on insufficiency of a claim should only be used to attack individual claims which are not dispositive of the entire action.   See, generally, Browne, Motions to Strike, Ohio Civil Practice Journal (January/Feb-

ruary 1990) 29–30; 1 Klein, Browne & Murtaugh, Baldwin's Ohio Civil Practice (1995) 62, Section T 15.01(A)(1)(b); Staff Note 6 to Civ.R. 12. Nevertheless, a trial court's erroneous use of Civ.R. 12(F) in lieu of Civ.R. 12(B)(6) where the issue is sufficiency of an entire complaint does not constitute reversible error based on a mere misdesignation of the appropriate motion, since the question of sufficiency is adequately raised. See, *e.g.*, *State ex rel. Walton v. Hunter* (1990), 53 Ohio St.3d 269, 559 N.E.2d 1362 (affirmance of Civ.R. 12[F] motion to strike entire pleading based on its insufficiency). However, the better practice is to use a Civ.R. 12(B)(6) motion, rather than a Civ.R. 12(F) motion, where the sufficiency of the entire complaint is at issue.

Applying the Civ.R. 12(B)(6) standard to the various claims raised in appellant's complaint, we note that appellant placed primary emphasis on extraordinary relief in prohibition and mandamus against Judge Corrigan. Appellant's claim for a writ of prohibition was limited to preventing Judge Corrigan from conducting any further proceedings on attorney fees previously paid to appellant in the Borgh estate. In order to be entitled to a writ of prohibition, appellant has to establish (1) that Judge Corrigan is about to exercise judicial or quasi-judicial power, (2) that the exercise of that power is unauthorized by law, and (3) that denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Fowler v. Smith* (1994), 68 Ohio St.3d 357, 359, 626 N.E.2d 950, 952. Absent a patent and unambiguous lack of jurisdiction, a court having general jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction has an adequate remedy by appeal. *State ex rel. Enyart v. O'Neill* (1995), 71 Ohio St.3d 655, 656, 646 N.E.2d 1110, 1112.

Appellant contends that Judge Corrigan patently and unambiguously lacked jurisdiction to consider Porter's motion to withdraw consent of the beneficiaries to the Borgh estate to attorney fees paid to appellant. Appellant claims that Judge Corrigan lacked jurisdiction after a prior executor's appeals were dismissed following settlement. Appellant relies on *State ex rel. Special Prosecutors v. Judges of Belmont Cty. Court of Common Pleas* (1978), 55 Ohio St.2d 94, 9 O.O.3d 88, 378 N.E.2d 162 (writ of prohibition allowed to prevent trial court from proceeding with trial after granting a postsentence motion to withdraw guilty plea after appeal from judgment of conviction and sentence had been affirmed on appeal because allowing the withdrawal of the plea was inconsistent with the court of appeals' judgment).

When a case has been appealed, the trial court retains all jurisdiction not inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment. *Howard v. Catholic Soc. Serv. of Cuyahoga Cty., Inc.* (1994), 70 Ohio St.3d 141, 147, 637 N.E.2d 890, 895. As the court of appeals determined,

the settled appeals did not involve the attorney fees issue. See *Marshall Cty. Health Care Auth. v. Shalala* (C.A.D.C.1993), 988 F.2d 1221; *Watterson v. Page* (C.A.1, 1993), 987 F.2d 1; and *Kramer v. Time Warner, Inc.* (C.A.2, 1991), 937 F.2d 767, 773, allowing courts to take judicial notice of appropriate matters in considering a motion to dismiss for failure to state a claim under the similarly worded Fed.R.Civ.P. 12(b)(6) without having to convert it to a motion for summary judgment; see, also, *First Michigan Bank & Trust Co. v. P. & S. Bldg.* (Feb. 16, 1989), Meigs App. No. 413, unreported, at 6, 1989 WL 11915 ("Conceivably a court may take judicial notice of adjudicative facts under Evid.R. 201 in determining a Civ.R. 12[B][6] motion * * *.").

Further, even if the attorney fees matter had been raised in the prior appeals, once those appeals were dismissed, Judge Corrigan possessed jurisdiction to consider Porter's motion. *State ex rel. Newton v. Court of Claims* (1995), 73 Ohio St.3d 553, 558, 653 N.E.2d 366, 371; see, also, R.C. 2113.36 ("When an attorney has been employed in the administration of the estate, reasonable attorney fees paid by the executor or administrator shall be allowed as a part of the expenses of administration."). Judge Corrigan acted within his jurisdiction to consider Porter's motion, and appellant possessed an adequate remedy at law. Therefore, *Special Prosecutors* is inapposite, and the court of appeals did not err in dismissing appellant's prohibition claim against Judge Corrigan because it is beyond doubt that appellant could not prove any set of facts entitling him to a writ of prohibition.

Appellant also sought a writ of mandamus compelling Judge Corrigan to open the journals of the probate court to public inspection and to correct the record in the probate court cases relating to the Gerber estate. In order to be entitled to a writ of mandamus, appellant must establish (1) a clear legal right to the requested relief, (2) a clear legal duty to perform these acts on the part of Judge Corrigan, and (3) the lack of a plain and adequate remedy in the ordinary course of law. *State ex rel. Carter v. Wilkinson* (1994), 70 Ohio St.3d 65, 637 N.E.2d 1.

As to appellant's mandamus claim to compel Judge Corrigan to open the probate court's journal, the court of appeals determined that "the copies of numerous filings in the probate court which accompany relator's affidavit contradict relator's assertion that the records of the probate court are not open and available for inspection and copying." (In fact the copies of the filings were not attached to the affidavit, but it is obvious that appellant had access to them.) In addition, appellant does not assert any error by the court of appeals in dismissing the foregoing claim.

Appellant instead contends that the court of appeals erred in dismissing and striking his claim for a writ of mandamus compelling Judge Corrigan to correct the Gerber estate probate court records. The court of appeals determined that

appellant possessed an adequate remedy at law by appealing the various entries in the Gerber estate cases, including the entries accepting appellant's resignation as executor and appointing Porter as successor administrator. The court of appeals cited *State ex rel. Worcester v. Donnellon* (1990), 49 Ohio St.3d 117, 551 N.E.2d 183, in support of its holding, and further noted that various appeals had "been concluded" as to all of the cases giving rise to the action.

While we find *Worcester* to be, possibly, inapposite, we now, nevertheless, limit *Worcester* to its facts. Notwithstanding this, we agree with the court of appeals that appellant had an adequate remedy at law. Appellant could have filed a Civ.R. 60(B)(5) motion for relief from judgment and could have appealed from an adverse ruling on the motion if, in fact, the ruling was adverse.

The time has come to put an end to the seemingly interminable delays that these estates have been subjected to by appellant. Judge Corrigan is fully capable of determining the issues before him and has sought to do so in spite of appellant's continued efforts at delay. We should not and will not be part of further delaying Judge Corrigan's actions and his jurisdiction.

Accordingly, the judgment of the court of appeals is affirmed in all respects.

*Judgment affirmed.*

MOYER, C.J., RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK, J., concurs separately.

WRIGHT, J., concurs in part and dissents in part.

COOK, J., concurring. Although not argued by the parties to this appeal, the threshold issue is whether the appellant's claims against the court are maintainable as mandamus or prohibition actions. Specifically, I question the court's treating as a justiciable controversy in an estate, an attorney's claim that the court engaged in fraud and collusion. Allegations of fraudulent practices by a judge are to be addressed in disciplinary proceedings. I do not see it as practical that the court alleged to have engaged in conspiracy and fraud should then consider a Civ.R. 60(B) motion for relief from a judgment carrying out the conspiracy.

Appellant's complaint asks to set aside a settlement agreement. Usually the procedure employed is a motion to vacate a settlement agreement, not an extraordinary writ. Moreover, because appellant is apparently not representing the interests of any party to this estate, but rather appears only to be attempting to protect his interests in fees, his remedy is outside the scope of the mandamus action he has pursued. Finally, while there is a legal duty imposed on courts to have their records speak the truth, does a nonparty attorney, currently repre-

senting the interests of none of the parties, have a *right* to any correction of the record?

I concur in the judgment to affirm the court of appeals and deny the writs.

WRIGHT, J., concurring in part and dissenting in part. Although I join with the court in the bulk of its opinion, I respectfully dissent from the portion that addresses Neff's petition for mandamus to correct the journal entries of the probate court. The court of appeals erroneously dismissed this petition on a Civ.R. 12(B)(6) motion, in spite of the deference that procedural device affords nonmoving parties.

The majority bases its disposition of this issue on two questionable grounds. First, it incorrectly suggests that this court's decision in *State ex rel. Worcester v. Donnellon* (1990), 49 Ohio St.3d 117, 551 N.E.2d 183, is inapplicable to the matter at hand, while stating that *Worcester* ought to be limited to its facts. Despite careful review of the court's opinion, I have been unable to find any support for either of these conclusions.

Second, the majority asserts that mandamus was inappropriate in this matter because Neff possessed an adequate remedy at law, a Civ.R. 60(B)(5) motion for relief from judgment. However, such a motion offers no relief to Neff because neither of the journal entries Neff wishes to correct is "a final judgment, order or proceeding" subject to review under Civ.R. 60(B). Consequently, there is no adequate remedy at law available to Neff. In light of this consideration, as well as those I have outlined above, we should reverse the court of appeals' decision on this narrow issue.