JOURNAL ENTRY and OPINION.
{¶ 1} On February 25, 2003, Dorothy Phillips commenced this mandamus action against Judge John E. Corrigan to have him conduct further proceedings on her motion for sanctions and associated motion for attorney fees. On March 28, 2003, Judge John E. Corrigan, through the Cuyahoga County Prosecutor's Office, filed a motion to dismiss. For the following reasons, we grant the respondent's motion to dismiss.
 {¶ 2} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim may be granted when it appears beyond doubt from the face of the petition, presuming the allegations contained in the petition are true, that the petitioner can prove no set of facts which would warrant the relief sought. State ex rel. Neff v. Corrigan (1996), 75 Ohio St.3d 12,661 N.E.2d 170.
 {¶ 3} This petition centers around an action for declaratory judgment filed in the probate court which sought a determination as to the validity of a trust and whether certain property was properly conveyed to that trust. The record indicates that, during the proceedings, Ms. Phillips filed a motion for sanctions and attorney fees because the plaintiff failed to respond to certain discovery requests. On June 18, 2001, the probate court found the trust to be valid and that the subject property was validly conveyed to the trust. The court further ruled that the pending motions to compel discovery and for sanctions were moot, and further overruled the motion for attorney fees.
 {¶ 4} The decision of the probate court was appealed to this court. In that opinion, this court reversed in part, vacated in part, and remanded the matter back to the probate court for further proceedings. We further vacated the probate court's decision finding that the motions for discovery were moot and remanded the matter, "for further proceedings on the motions to compel or for sanctions and the associated motion for attorney fees." See Strode v. Phillips, Cuyahoga App. No. 79978, 2002-Ohio-1782.
 {¶ 5} Upon remand, the probate court held pre-trials on December 4, 2002 and February 14, 2003. In the petition, Phillips claims that she requested the court to rule on her motion for sanctions and attorney fees during both these proceedings, but the court declined the request. Additionally, attached to the petition is an entry dated February 14, 2003 that sets discovery deadlines, motion deadlines, and the trial date. Phillips now asks this court to order the probate court to conduct further proceedings on her motion for sanctions and attorney fees, as previously directed by this court.
 {¶ 6} In order for this court to issue a writ of mandamus, a relator must establish that: 1) the relator possesses a clear legal right to the relief prayed; 2) the respondent possesses a clear legal duty to perform the requested act; and 3) the relator possesses no plain and adequate remedy in the ordinary course of the law. State ex rel. Mansonv. Morris (1993), 66 Ohio St.3d 440, 613 N.E.2d 232, citing State exrel. Berger v. McMonagle (1983), 6 Ohio St.3d 28, 451 N.E.2d 225. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not be issued in doubtful cases. State ex rel. Taylor v. Glasser (1977), 50 Ohio St.2d 165,364 N.E.2d 1; State ex rel. Shafer v. Ohio Turnpike Commission (1953),159 Ohio St. 581, 113 N.E.2d 14; State ex rel. Cannole v. Cleveland Boardof Education (1993), 87 Ohio App.3d 43, 621 N.E.2d 850.
 {¶ 7} After reviewing this matter, we find that Phillips failed to establish that the respondent has a clear legal duty to perform the requested act. As evidenced by the journal entry, the court issued orders concerning the regulation of discovery, and the possible consequences for not complying with those orders. Accordingly, the probate court's determination as to when it conducts proceedings as to any alleged discovery violation is within its sound discretion which will not be controlled through mandamus. State ex rel. Ney v. Niehaus (1987),33 Ohio St.3d 118, 515 N.E.2d 914.
 {¶ 8} We also find that Phillips failed to comply with Loc.App.R. 45(B)(1)(a) which provides that all complaints must contain the specific statements of fact upon which the claim of illegality is based and must be supported by an affidavit from the plaintiff or relator specifying the details of the claim. State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077; State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899. Additionally, we find that Phillips' petition for a writ of mandamus is defective since it is improperly captioned. A petition for a writ of mandamus must be brought in the name of the state, on relation of the person applying. Phillips' failure to properly caption her petition as to the writ of mandamus constitutes sufficient reason for dismissal. Allen v. Court of Common Pleas of AllenCty. (1962), 173 Ohio St. 226, 181 N.E.2d 270; Dunning v. Judge Cleary
(Jan. 11, 2001), Cuyahoga App. No. 78763.
 {¶ 9} Accordingly, we grant the respondent's motion to dismiss. Relator to pay costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Writ Dismissed.
MICHAEL J. CORRIGAN, P.J. CONCURS
 ANN DYKE, J., NOT PARTICIPATING