ORIGINAL ACTION AND JOURNAL ENTRY OPINION.
{¶ 1} On March 13, 2003, the relator, Robert Pursley, commenced this mandamus action against respondent Judge Christopher Boyko to compel him to rule on his second motion for jail time credit in State v.Pursley, Cuyahoga County Court of Common Pleas Case No. CR-400385, which was filed on January 8, 2003. On March 31, 2003, respondent, through the Cuyahoga County Prosecutor, filed an answer and a motion to dismiss.
 {¶ 2} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim may be granted when it appears beyond doubt from the face of the petition, presuming the allegations contained in the petition are true, that the petitioner can prove no set of facts which would warrant the relief sought. State ex rel. Neff v. Corrigan (1996), 75 Ohio St.3d 12,661 N.E.2d 170.
 {¶ 3} In this matter, Pursley is claiming that Judge Boyko awarded him an incorrect number of days of jail time credit. He now asks this court to issue a writ of mandamus to compel Judge Boyko to change the number of days of jail time credit.
 {¶ 4} In order for this court to issue a writ of mandamus, a relator must establish that: 1) the relator possesses a clear legal right to the relief prayed; 2) the respondent possesses a clear legal duty to perform the requested act; and 3) the relator possesses no plain and adequate remedy in the ordinary course of the law. State ex rel. Mansonv. Morris (1993), 66 Ohio St.3d 440, 613 N.E.2d 232, citing State exrel. Berger v. McMonagle (1983), 6 Ohio St.3d 28, 451 N.E.2d 225.
 {¶ 5} In the motion to dismiss, respondent argues that relief in mandamus is not appropriate. We agree. "Mandamus * * * may not be employed to correct errors associated with the calculation of jail-time credit." State ex rel. Corder v. Wilson (1991), 68 Ohio App.3d 567,589 N.E.2d 113. See also State ex rel. Campbell v. Corrigan (Sept. 20, 2001), Cuyahoga App. No. 79525; State ex rel. Hill v. Greene (Dec. 10, 1998), Cuyahoga App. No. 75433; State ex rel. Johnson v. O'Donnell (Oct. 4, 1994), Cuyahoga App. No. 67783. Any error associated with the calculation of jail time credit may be challenged through a direct appeal. State ex rel Johnson v. O'Donnell, supra.
 {¶ 6} A review of the docket indicates that Judge Boyko previously awarded Pursley 103 days of jail time credit and, on January 16, 2003, denied his motion for additional jail time credit. Accordingly, respondent discharged his duties, and mandamus will not lie to compel Judge Boyko to increase the number of days of jail time credit.
 {¶ 7} Additionally, Pursley failed to support his complaint with an affidavit "specifying the details of the claim" as required by Local Rule 45(B)(1)(a). State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077; State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899.
 {¶ 8} Pursley also failed to comply with R.C. 2969.25 which mandates that he attach an affidavit to his complaint that describes each civil action or appeal of a civil action filed in the previous five years. The failure to provide such affidavit constitutes sufficient grounds for dismissal of the relator's complaint for a writ of mandamus.State ex rel. Zanders v. Ohio Parole Board (1998), 82 Ohio St.3d 421,696 N.E.2d 594; State ex rel. Alford v. Winters (1997), 80 Ohio St.3d 285,685 N.E.2d 1242.
 {¶ 9} Finally, we find that Pursley's petition for a writ of mandamus is defective since it is improperly captioned. A petition for a writ of mandamus must be brought in the name of the state, on relation of the person applying. Pursley's failure to properly caption his petition as to the writ of mandamus constitutes sufficient reason for dismissal.Maloney v. Court of Common Pleas of Allen Cty. (1962), 173 Ohio St. 226,181 N.E.2d 270; Dunning v. Judge Cleary (Jan. 11, 2001), Cuyahoga App. No. 78763.
 {¶ 10} Accordingly, we grant the respondent's motion to dismiss. Relator to bear costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Writ dismissed.
 ANNE L. KILBANE, P.J., AND TIMOTHY E. MCMONAGLE, J., CONCUR.