[Cite as *Everstaff, L.L.C. v. Sansai Environmental Technologies, L.L.C.*, 2011-Ohio-4824.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 96108

## EVERSTAFF, LLC

PLAINTIFF-APPELLANT

vs.

## SANSAI ENVIRONMENTAL TECHNOLOGIES, LLC, ET AL.

DEFENDANTS-APPELLEES

JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-703459

**BEFORE:** S. Gallagher, J., Boyle, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** September 22, 2011

ATTORNEY FOR APPELLANT

Brian D. Spitz
The Spitz Law Firm, LLC
4568 Mayfield Road
Suite 102
Cleveland, Ohio    44121

ATTORNEY FOR APPELLEES

James P. Cullen
55 Public Square
Suite 1550
Cleveland, Ohio 44113

SEAN C. GALLAGHER, J.:

{¶ 1} Plaintiff-appellant EverStaff, LLC, appeals the decision of the trial court granting EverStaff summary judgment upon its claim for breach of contract based on unpaid invoices against defendants-appellees Sansai Environmental Technologies, LLC, and Jamie Melvin and summarily dismissing its claims for breach of an oral contract, unjust enrichment, and fraud.    For the following reasons, we affirm the decision of the trial court.

**{¶ 2}** EverStaff executed an agreement with Sansai Environmental Technologies, LLC ("Sansai"), on May 29, 2009, covering EverStaff's supply of temporary staffing personnel to Sansai prior to the contract formation. Attached to the agreement were the invoices for temporary staffing provided between April 29 and May 27, 2009. It is undisputed that Sansai failed to pay the $25,526.84 owed to EverStaff based on the invoices.

**{¶ 3}** On September 8, 2009, EverStaff filed a complaint against Sansai, Jamie Melvin, and Michael Ujcich.[1] Jamie Melvin, according to the Sansai-EverStaff agreement, is the managing member of Sansai. Prior to filing its complaint, on or about August 11, 2009, EverStaff contacted Melvin and offered to delay the filing of a lawsuit if Melvin would personally guarantee and pay the unpaid balance owed from the invoices by August 24, 2009. According to EverStaff, Melvin orally agreed. EverStaff did not receive the payment by August 24 and filed the underlying action to recover under the contracts.

**{¶ 4}** EverStaff advanced four claims against Sansai and Melvin in its complaint: (1) breach of contract based on the unpaid invoices attached to the agreement; (2) breach of contract based on Melvin's oral contract to personally guarantee Sansai's debt; (3) unjust enrichment based on the services provided under the agreement; and (4) fraud based on Melvin's oral promise to personally guarantee Sansai's debt — EverStaff alleged that Melvin

---

[1] The trial court dismissed EverStaff's claims against Ujcich for failure to prosecute after EverStaff failed to perfect service upon Ujcich. EverStaff does not assign error to such a dismissal, and Ujcich is not a party to this appeal.

had no intention of personally guaranteeing Sansai's debt when he entered the oral contract. EverStaff filed a motion for summary judgment on all claims, attaching unanswered requests for admissions as the dispositive evidence. The trial court discounted all of the unanswered requests for admissions and entered judgment upon Count 1 of EverStaff's complaint, awarding EverStaff the $25,526.84 demonstrated by the unpaid invoices attached to the complaint. The trial court then dismissed all remaining claims.

{¶ 5} It is from this decision that EverStaff timely appeals, raising five assignments of error. We will address each in turn, while combining any overlapping arguments. EverStaff's first assignment of error provides as follows: "The trial court committed reversible error by rejecting the Civ.R. 36 admissions and declining to enter judgment of $72,554.89 based on those admissions." EverStaff's first assignment of error is without merit.

{¶ 6} A party may serve upon another party a written request for the admission of the truth of any matters within the scope of Civ.R. 26(B) that relate to statements or opinions of fact or of the application of law to fact. Civ.R. 36(A). The matter is admitted unless the party to whom the request is directed serves a written answer within the time frame established by the rule. Civ.R. 36(A)(1). Generally, the requests for admission must be answered within 28 days of service, unless a longer period is provided by the court or serving party. Civ.R. 36(A)(1). There is one exception. If the serving party includes the requests for admissions in a document containing any other form of discovery, the requesting party must

include a notice in the caption that the combined discovery requests include requests for admissions. Civ.R. 36(C). The responding party is not required to respond to requests for admissions that lack the proper caption. Civ.R. 36(C).

**{¶ 7}** In this case, the trial court disregarded certain key requests for admissions because, according to the trial court, the requests were not within the scope of Civ.R. 36. We need not address this issue. Generally, "[a]n appellate court shall affirm a trial court's judgment that is legally correct on other grounds, that is, one that achieves the right result for the wrong reason, because such error is not prejudicial." *Gunton Corp. v. Architectural Concepts*, Cuyahoga App. No. 89725, 2008-Ohio-693, at ¶ 11, citing *Reynolds v. Budzik* (1999), 134 Ohio App.3d 844, 732 N.E.2d 485, at fn. 3.

**{¶ 8}** EverStaff's requests for admissions were included with EverStaff's "first set of combined discovery to defendants Sansai Environmental Technologies, LLC and Jamie Melvin." The caption did not include the required notice that the combined discovery document included requests for admissions. Sansai and Melvin were not required, pursuant to a plain reading of Civ.R. 36(C), to respond and, therefore, the trial court did not err in disregarding the unanswered requests for admission. *Seecharan v. Macy* (Oct. 28, 1999), Cuyahoga App. No. 75130. EverStaff's first assignment of error is overruled.

**{¶ 9}** EverStaff's second assignment of error provides as follows: "The trial court committed reversible error by not enforcing paragraph twelve of the contract." EverStaff

argues that while the court properly granted judgment in its favor and against Sansai upon the $25,526.84 in unpaid invoices, the trial court erred by not granting the remaining $47,028.05 in damages EverStaff attributes to Sansai's hiring of EverStaff's temporary employees in contravention of paragraph 12 of their agreement.   EverStaff's second assignment of error is without merit.

{¶ 10} Appellate review of summary judgment is de novo, governed by the standard set forth in Civ.R. 56.   *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8.   Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. *Hollins v. Shaffer*, 182 Ohio App.3d 282, 2009-Ohio-2136, 912 N.E.2d 637, ¶ 12.   Under Civ.R. 56(C), summary judgment is proper when the moving party establishes that "(1) no genuine issue of any material fact remains, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and construing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." *State ex rel. Duncan v. Mentor City Council*, 105 Ohio St.3d 372, 2005-Ohio-2163, 826 N.E.2d 832, ¶ 9, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 364 N.E.2d 267.

{¶ 11} EverStaff alleged in its complaint that Sansai breached the agreement by failing

to pay the amount owed on certain invoices. EverStaff does not dispute the fact that the invoices total $25,526.84. EverStaff sought summary judgment on its breach of contract claim and requested $72,554.89 in damages with no explanation accompanying the damage figure. EverStaff attached to its complaint all invoices that remained unpaid and did not argue that additional unpaid invoices exist. The trial court relied on those invoices and the allegations in the complaint, which limited the breach of contract to the unpaid invoices, in disposing of EverStaff's claim for breach of contract.

{¶ 12} For the first time on appeal, EverStaff argues the damages totaling $47,028.05 — the difference between the invoices not in dispute and the amount of damages requested in its motion for summary judgment — stem from Sansai's allegedly hiring EverStaff's temporary workers in violation of the terms of the contract. Such an allegation is absent from the complaint and cannot be reasonably inferred from any argument made to the trial court in the summary judgment motion or any discovery requested.

{¶ 13} "A pleading that sets forth a claim for relief * * * shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." Civ.R. 8(A). "The purpose of Civ.R. 8(A) is to give the defendant fair notice of the claim and an opportunity to respond. We are mindful that Civ.R. 8(A) does not require the plaintiff to plead the legal theory of recovery. We also recognize that the plaintiff is not bound by any particular theory of a

claim but that the facts of the claim as developed by the proof establish the right to relief." (Internal citations and quotations omitted.) *White v. Mt. Carmel Med. Ctr.,* 150 Ohio App.3d 316, 2002-Ohio-6446, 780 N.E.2d 1054, ¶ 29. Plaintiffs, however, cannot include claims beyond those raised in the complaint for the first time in the summary judgment stage of the litigation without amending the complaint. Id.; *Wolk v. Paino*, Cuyahoga App. No. 94850, 2011-Ohio-1065, ¶ 36.

{¶ 14} EverStaff sought summary judgment upon its allegation that Sansai breached the contract by failing to pay for services rendered, demonstrated by the unpaid invoices. The complaint specified the breach as being Sansai's failure to pay invoices. The complaint is devoid of any indication that other potential breaches occurred. The trial court granted judgment in Everstaff's favor for the entire balance of unpaid invoices. No further relief was requested in the complaint on the breach of contract claim, and therefore, the trial court fully disposed of Count 1, the breach of contract claim for unpaid invoices, of EverStaff's complaint.[2] If a claim existed for breach of contract based on Sansai's hiring EverStaff's personnel, such a claim must be pleaded in the four corners of the complaint in light of the fact EverStaff specifically identified in its pleading the conduct constituting the breach of the contract. The trial court granted judgment upon the relief requested in the complaint, fully

---

[2] We briefly note that EverStaff's third count for unjust enrichment is an alternative claim for the Count 1 claim for breach of contract based on unpaid invoices. The trial court's disposition of that breach of contract claim necessarily disposes of the unjust enrichment claim as being moot.

disposing of Count 1. EverStaff's second assignment of error is accordingly overruled.

{¶ 15} EverStaff's third, fourth, and fifth assignments of error will be addressed together and respectively provide as follows: "The trial court committed reversible error when it sua sponte applied the statute of frauds to dismiss claims[;] * * * dismissed EverStaff's claim for fraud[;] and * * * denied EverStaff its right to a trial by jury." EverStaff, in its motion for summary judgment, additionally sought judgment on Counts 2 and 4, Melvin's breach of the oral contract to personally guarantee Sansai's debt and Melvin's fraud for entering the oral agreement without the intent to personally guarantee the debt. The trial court denied EverStaff's motion upon Counts 2 and 4 of its complaint and then dismissed those claims altogether. EverStaff's remaining assignments of error are without merit.

{¶ 16} We must again refer to the general maxim that an appellate court may affirm a trial court's judgment that is legally correct but decided on other grounds. *Gunton Corp.*, 2008-Ohio-693, at ¶ 11. The gravamen of the trial court's rationale for dismissing the fraud and oral contract claims is that Melvin's oral promise to guarantee the debt of another violates the statute of frauds. We must first address the propriety of the trial court's dismissal of claims based upon an unopposed motion for summary judgment.

{¶ 17} While not specifically stated in the court's final judgment, the court's actions in dismissing EverStaff's claims for fraud and breach of an oral contract were authorized pursuant to Civ.R. 12(F), which provides that "upon the court's own initiative at any time, the

court may order stricken from any pleading any insufficient claim or defense * * *." The rule "explicitly permits an attack on one claim or defense in a pleading containing more than one claim or defense." *State ex rel. Neff v. Corrigan*, 75 Ohio St.3d 12, 15, 1996-Ohio-231, 661 N.E.2d 170.

{¶ 18} In this case, the trial court determined that two of EverStaff's four causes of action, the fraud and the oral contract claim, failed as a matter of law. We agree, and the trial court's dismissal of those claims was a proper use of Civ.R. 12(F). The trial court's act of dismissing the claims instead of striking them from the complaint is merely a procedural distinction without a difference in this case. The Ohio Supreme Court has determined that a trial court's erroneous use of Civ.R. 12(F) instead of Civ.R. 12(B)(6) — used when attacking all claims within the pleading — does not constitute reversible error because the issue of sufficiency is raised under either subsection of Civ.R. 12. Id. The converse must equally be true. The trial court's decision to dismiss, presumptively under Civ.R. 12(B)(6), rather than striking the insufficient claims does not constitute reversible error. The end result, whether the insufficient claims were stricken or dismissed, is that no claims remained to be adjudicated at trial after the trial court's ruling.

{¶ 19} Turning to the substantive issues, EverStaff claims that Melvin orally agreed to personally guarantee the debt of Sansai. EverStaff argues that an unsigned, written confirmation of the personal guarantee or the doctrine of part performance negates Melvin's

affirmative defense of the statute of frauds.    EverStaff's arguments are without merit.

{¶ 20} There are two versions of the statute of frauds: R.C. 1335.05, which applies generally, and R.C. 1302.04, which applies to the sale of goods.    *Fox & Lamberth Enter., Inc. v. Craftsmen Home Improvement Inc.*, Montgomery App. No. 21060, 2006-Ohio-1427, ¶ 27.  EverStaff argues that R.C. 1302.04 applies in the current case and allows that "[b]etween merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of [R.C. 1302.04(A)] against such party unless written notice of objection to its contents is given within ten days after it is received."    EverStaff's reliance on R.C. 1302.04 is misplaced.    EverStaff provided a temporary staffing service, not goods, to Sansai.    Therefore, the more general statute of frauds found in R.C. 1335.05 applies.    R.C. 1335.05 does not contain the above "merchant exception."

{¶ 21} R.C. 1335.05 provides that "[n]o action shall be brought whereby to charge the defendant, upon a special promise, to answer for the debt, default, or miscarriage of another person * * * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith * * *."    There is no dispute that a writing with Melvin's signature does not exist.

{¶ 22} Notwithstanding R.C. 1335.05, there are two exceptions to the general rule that the lack of a writing renders the personal guarantee unenforceable. Contrary to EverStaff's

argument, the doctrine of part performance is not a general exception to the statute of frauds in this case. "[T]he doctrine of part performance can be invoked in Ohio, to take a case out of the statute of frauds, only in cases involving the sale or leasing of real estate, wherein there has been a delivery of possession of the real estate in question, and in settlements made upon consideration of marriage followed by actual marriage." *Hodges v. Ettinger* (1934), 127 Ohio St. 460, 467, 189 N.E. 113.

{¶ 23} The Ohio Supreme Court has, however, identified two tests to determine whether an oral personal guarantee is enforceable as a matter of law: whether the promisor became primarily liable on the debt owed, or whether the promisor's leading object was to serve her own business or pecuniary interest. *Wilson Floors Co. v. Sciota Park, Ltd.* (1978), 54 Ohio St.2d 451, 458-459, 377 N.E.2d 514. The second test is colloquially known as the "leading object test."

{¶ 24} The first test simply looks to determine whether the original debtor is still liable for the debt. If the promisor assumes responsibility for the debt and the original debtor is no longer liable, then an oral promise to personally guarantee the debt is outside the statute of frauds. Id. In this case, Sansai remained liable for the debt owed on the unpaid invoices, and in fact, a judgment was entered against Sansai on that debt. Therefore, our focus shifts to the leading object test.

{¶ 25} Under the leading object test, the original debtor remains primarily liable and

the inquiry focuses on whether the main purpose of the promisor is to further his own business or pecuniary interest. Id. For example, in *Moon v. Yoder* (Mar. 31, 1989), Lucas App. No. L-88-233, the defendant, on a counterclaim, claimed the plaintiff orally promised to pay back wages. The court found that the leading object of the promise was to promote the business's interest because the plaintiff sought to retain a talented employee on behalf of the corporation. Id.

{¶ 26} EverStaff's allegations in its complaint belie any argument that the leading object of Melvin's promise to personally guarantee was his own pecuniary or business interest. EverStaff alleged that according to Melvin, a lawsuit filed in August 2009 would jeopardize "their ability to finalize their funding." Thus, according to EverStaff's allegations, the primary concern behind the promise to pay was Sansai's ability to finalize funding. Melvin's interest is then, at the very least, aligned with Sansai's interest, and it cannot be found that Melvin's purpose was to secure his own gain. His purpose according to the pleadings was to serve Sansai's ability to obtain financing. As with *Moon*, the benefit accrued to the corporation. No exception applies as a matter of law to circumvent the statute of frauds on EverStaff's breach of an oral contract to guarantee the debt of another. The trial court, in this case, properly determined that the claim from EverStaff's complaint was insufficient as a matter of law as pleaded. Striking that claim from the pleading was the appropriate remedy.

{¶ 27} We must next address EverStaff's fraud claim against Melvin. In Ohio, "[o]ne

who fraudulently makes a representation of * * * intention * * * for the purpose of inducing another to act or to refrain from action in reliance upon it, is subject to liability to the other in deceit for pecuniary loss caused to him by his justifiable reliance upon the misrepresentation."

*Applegate v. Northwest Title Co.*, Franklin App. No. 03AP-855, 2004-Ohio-1465, ¶ 22, citing 4 Restatement of the Law 2d, Torts (1977), Section 525. This is true whether or not the promise is enforceable as a contract. Id. Therefore, the trial court's reliance on the statute of frauds as grounds to strike the fraud claim is misplaced.

{¶ 28} Generally, however, a tort claim based upon the same actions as the actions upon which a breach of contract action are based will only exist if in addition to containing a duty independent of that created by contract, the plaintiff "must include actual damages attributable to the wrongful acts of the alleged tortfeasor which are in addition to those attributable to the breach of the contract." *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.* (1996), 115 Ohio App.3d 137, 151, 684 N.E.2d 1261.

{¶ 29} In this case, EverStaff has failed to allege actual damages beyond the breach of contract. EverStaff alleged and recovered damages based on the unpaid invoices. EverStaff implicitly concedes that no actual damages exist outside the breach of contract. EverStaff's only additional damages stemmed from claims for punitive damages. For that reason, EverStaff failed to plead a sufficient claim for fraud, and the trial court did not err by deeming the fraud claim to be insufficiently pleaded as a matter of law.

**{¶ 30}** The trial court granted judgment against Sansai and in favor of EverStaff upon Count 1 of EverStaff's complaint. Having struck the remainder of EverStaff's claims as being insufficient as a matter of law, no claim remained to be adjudicated by the trier-of-fact. Therefore, the trial court did not err in disposing of all claims upon EverStaff's unopposed motion for summary judgment.

**{¶ 31}** The decision of the trial court is affirmed.

It is ordered that appellees recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
COLLEEN CONWAY COONEY, J., CONCUR