[Cite as *Phillips v. Thompson*, 2021-Ohio-4500.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

KIMBERLY PHILLIPS, agent for
SCHAAF ELLET LLC, dba ELLET
MOBILE HOME PARK LLC

      Appellee

      v.

SHIRLEY THOMPSON, et al.

      Appellants

C.A. No.      29803

APPEAL FROM JUDGMENT
ENTERED IN THE
AKRON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.     19-CV-10481

DECISION AND JOURNAL ENTRY

Dated: December 22, 2021

---

CARR, Presiding Judge.

{¶1} Defendants-Appellants Shirley Thompson and Juli Hiner appeal the judgment of the Akron Municipal Court. This Court affirms.

I.

{¶2} On December 10, 2019, Plaintiff-Appellee Kimberly Phillips, Agent for Schaaf Ellet LLC, doing business as Ellet Mobile Home Park LLC ("Ellet MHP"), filed a complaint for forcible entry and detainer. Ellet MHP sought process and restitution but not damages. Ellet MHP alleged that Ms. Thompson, Ms. Hiner, and Defendants Dennis Hinkle and all other occupants failed to pay rent, violated park rules, and failed to register a park occupant. The record reflects that service was effectuated via the method set forth in R.C. 1923.06(D)(2)(c) on or about December 18, 2019. A hearing was held before a magistrate on December 26, 2019. Both Ms. Hiner and Ms. Phillips appeared at the hearing and were represented by counsel.

{¶3} On December 27, 2019, the magistrate issued a decision ordering that a writ be allowed, and the case be concluded because there was no second cause of action. In so doing, the magistrate found that there was a failure to pay rent as well as violations of the lease and park rules. The trial court adopted the magistrate's decision and entered judgment that same day.

{¶4} On January 6, 2020, Ms. Hiner filed objections to the magistrate's decision and a motion to stay the eviction proceedings pending the ruling on the objections. The trial court granted the motion. On January 10, 2020, Ms. Thompson and Ms. Hiner filed an answer and counterclaims. The counterclaims asserted violations of the Ohio Mobile Home Park Statute, breach of contract, retaliation in violation of R.C. 4781.36, and intentional infliction of emotional distress.

{¶5} On February 21, 2020, Ellet MHP filed a motion to strike the counterclaims pursuant to Civ.R. 12(F). In the motion, Ellet MHP pointed out that objections to the magistrate's decision had been filed, and it asserted that other issues were moot. Ellet MHP argued that the filing of the counterclaims could be considered an abuse of process and frivolous conduct. Ms. Hiner and Ms. Thompson opposed the motion to strike.

{¶6} On March 4, 2020, the trial court overruled Ms. Hiner's objections and thereafter a writ of restitution was issued. On March 5, 2020, Ellet MHP filed an answer to the counterclaims and asserted that the trial court lacked subject matter jurisdiction, lacked jurisdiction over Ellet MHP, and that the counterclaims failed to state a claim. Ellet MHP also pointed to its motion to strike. Thus, Ellet MHP sought dismissal of the counterclaims. On April 21, 2020, the trial court granted the motion to strike the counterclaims.

{¶7} Ms. Hiner and Ms. Thompson filed a notice of appeal only appealing the April 21, 2020 entry striking their counterclaims. They have raised a single assignment of error for our review.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ABUSED ITS DISCRETION IN STRIKING APPELLANTS' COUNTERCLAIM.

{¶8} Ms. Hiner and Ms. Thompson assert in their sole assignment of error that the trial court abused its discretion in granting Ellet MHP's motion to strike. Ms. Hiner and Ms. Thompson argue that Civ.R. 12(F) should not be used to strike entire pleadings, that Ellet MHP failed to meet the standard set forth in Civ.R. 12(F), and that Ms. Hiner and Ms. Thompson were entitled under the law to file counterclaims.

{¶9} Civ.R. 12(F) states that, "[u]pon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within twenty-eight days after the service of the pleading upon him or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient claim or defense or any redundant, immaterial, impertinent, or scandalous matter." A trial court's ruling on a such a motion is reviewed for an abuse of discretion. *In re Guardianship of Bakhtiar*, 9th Dist. Lorain Nos. 16CA011036, 16CA011038, 2018-Ohio-1764, ¶ 33. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶10} Ms. Hiner and Ms. Thompson point to *State ex rel. Neff v. Corrigan*, 75 Ohio St.3d 12 (1996) for the proposition that a Civ.R. 12(F) motion should not be used to attack an entire pleading. *See id.* at 14-15. Therein, the Supreme Court stated that "a Civ.R. 12(B)(6)

motion to dismiss is directed to the entire pleading, whereas a Civ.R. 12(F) motion to strike based on insufficiency of a claim should only be used to attack individual claims which are not dispositive of the entire action." *Id.* at 14. Nonetheless, the Supreme Court also concluded that "an insufficient complaint may be subject to a Civ.R. 12(F) motion to strike, [however,] these motions should not be used as a substitute for a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted." *Id.* Moreover, the Supreme Court also stated that "a trial court's erroneous use of Civ.R. 12(F) in lieu of Civ.R. 12(B)(6) where the issue is sufficiency of an entire complaint does not constitute reversible error based on a mere misdesignation of the appropriate motion, since the question of sufficiency is adequately raised." *Id.* at 15. Accordingly, even if we were to agree that striking an entire pleading via Civ.R. 12(F) is inappropriate, that does not necessarily mean the trial court committed reversible error.

{¶11} While Ms. Hiner and Ms. Thompson are correct that "[a] counterclaim may be interposed in any action in forcible entry and detainer, as authorized by Civ.R. 13[,]" *Jemo Assocs., Inc. v. Garman*, 70 Ohio St.2d 267 (1982), paragraph one of the syllabus, the problem with Ms. Hiner's and Ms. Thompson's filing of their counterclaims lies not with the fact of them filing them, but with the timing at which they did so.

{¶12} "The underlying purpose behind the forcible entry and detainer action is to provide a summary, extraordinary, and speedy method for the recovery of [the] possession of real estate in the cases especially enumerated by statute." (Internal quotations and citations omitted.) *State ex rel. GMS Mgt. Co., Inc. v. Callahan*, 45 Ohio St.3d 51, 55 (1989). Thus, "Civ.R. 1(C)(3) states that the Civil Rules do not apply in forcible entry and detainer proceedings 'to the extent that they would by their nature be clearly inapplicable.'" *State ex rel. GMS Mgt. Co., Inc.* at 55. "Further, [t]he Civil Rules will * * * be inapplicable if their application would

frustrate the purpose of the [forcible entry and detainer] proceeding." (Internal quotations and citations omitted.) *Id.*

{¶13} In fact, "[i]n a forcible entry and detainer action, the only pleading contemplated by the statute is the complaint. No answer is provided for or required." (Internal quotations and citation omitted.) *Greene Metro. Hous. Auth. v. Newsome*, 2d Dist. Greene No. 93-CA-84, 1994 WL 247188, *2 (June 8, 1994). This is not to say that a defendant is precluded from filing an answer, *see id.*, or counterclaim. *See Jemo Assocs., Inc.* at paragraph one of the syllabus; R.C. 1923.061(B); R.C. 1923.081; *see also Forney v. Climbing Higher Ents., Inc.*, 158 Ohio App.3d 338, 2004-Ohio-4444, ¶ 13-14 (9th Dist.), quoting and citing *Haney v. Roberts*, 130 Ohio App.3d 293, 300 (4th Dist.1998) (agreeing with *Haney* that Civ.R. 13(A) does not apply to forcible entry and detainer actions unless the plaintiff joins another action, such as one for back rent). Instead, any defense can be asserted at trial. R.C. 1923.061(A).

{¶14} Here, Ms. Hiner and Ms. Thompson did not file an answer and counterclaim until after the trial court entered judgment on the sole cause of action before it, which involved a summary proceeding. Ms. Hiner and Ms. Thompson have not pointed to anything in the record indicating that they moved the trial court for leave to file an answer and counterclaim or informed the trial court that they intended to do so prior to filing the answer and counterclaim after judgment was entered.

{¶15} Further, Ms. Hiner and Ms. Thompson have cited to no authority authorizing the filing of a counterclaim after the trial court has entered judgment on the sole cause of action before it; let alone authority indicating the same is appropriate when that sole cause of action must be resolved in a summary proceeding. While objections were pending when Ms. Hiner and Ms. Thompson filed their counterclaims, it does not change the fact that judgment had been

entered and no causes of action were unresolved. Ms. Hiner and Ms. Thompson have not demonstrated that filing objections provided them with a window during which they could expand the litigation before the trial court.

{¶16} Accordingly, even if the trial court committed an error in utilizing Civ.R. 12(F) to strike Ms. Hiner's and Ms. Thompson's counterclaims, we cannot say that any error was reversible as Ms. Hiner and Ms. Thompson have failed to convince this Court that their counterclaims could be filed at that point in the litigation.

{¶17} Ms. Hiner's and Ms. Thompson's assignment of error is overruled.

III.

{¶18} Ms. Hiner's and Ms. Thompson's assignment of error is overruled. The judgment of the Akron Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

_____
DONNA J. CARR
FOR THE COURT

TEODOSIO, J.
SUTTON, J.
CONCUR.

APPEARANCES:

LAURA K. MCDOWALL, Attorney at Law, for Appellants.

JOHN F. MYERS, Attorney at Law, for Appellee.