[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 12.]

THE STATE EX REL. NEFF, APPELLANT, *v*. CORRIGAN, JUDGE, ET AL., APPELLEES.

[Cite as *State ex rel. Neff v. Corrigan*, 1996-Ohio-231.]

*Mandamus to compel common pleas court judge to correct alleged fraudulent entries in a probate court case—Appellate court errs in dismissing the mandamus claim, when—Mandamus to compel common pleas court judge to correct journal entries in an probate court case—Appellate court errs in dismissing the mandamus claim, when.*

(No. 95-553—Submitted October 24, 1995—Decided March 1, 1996.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 67421.

————————————

{¶ 1} This appeal involves two separate estates. According to appellant, attorney Owen C. Neff, there was a conspiracy among appellees Judge John E. Corrigan of the Cuyahoga County Court of Common Pleas, Probate Division; Donahue & Scanlon, a law firm; and Gerald M. Porter, an attorney associated with Donahue & Scanlon. This alleged conspiracy involved Judge Corrigan's unlawful removal of testamentary fiduciaries in large estates and trusts, and the appointment of Porter and other members of Donahue & Scanlon as successor administrators to fraudulently divert fees and commissions arising from the administration of these estates and trusts. Appellant more specifically alleged the following as to the two estates.

*Gerber Estate*

{¶ 2} On April 22, 1991, the will of Peter J. Gerber was admitted to probate, and appellant, having been named executor in the will, was appointed executor. On July 3, 1993, appellee Joan M. Litzow, an attorney who represented Gerber's widow, sought a declaratory judgment awarding approximately $500,000 in assets

held in various bank accounts to Gerber's widow. Judge Corrigan granted the judgment on July 30. Seven days following the entry of the declaratory judgment and before appellant received notice of the judgment, Litzow used the judgment entry to obtain possession of the funds. Appellant appealed the declaratory judgment.

{¶ 3} Litzow then filed a motion to remove appellant as executor of the Gerber estate.[1] This and other motions were set for a November 8, 1993 hearing before Judge Corrigan.

{¶ 4} At the November 8, 1993 hearing, Judge Corrigan refused to allow a court reporter employed by appellant to transcribe the proceeding. Appellant further alleges that in order to falsify the record and evade appellate review, Judge Corrigan and Litzow coerced the interested parties to sign a settlement agreement with stated purposes of settling the claims of the heirs and winding up the administration of the Gerber estate. The complete settlement agreement entered into on November 8, 1993 included a document entitled "Agreement," a document purporting to be the resignation of appellant as executor of the Gerber estate, and oral representations that the December 1, 1993 date for filing a final account would be extended if the administration of the estate could not be completed by that date. Appellant signed the agreement and resignation documents because he believed them to be part of a valid agreement to settle the claims of all parties interested in the estate.

{¶ 5} In reliance on the allegedly false representations made at the November 8, 1993 hearing, appellant dismissed his appeal from the July 30, 1993 declaratory judgment entered by Judge Corrigan and his action against Litzow and Gerber's widow. Subsequently, the agreement and resignation were, in December

---

1. Subsequently, appellant filed an action against Litzow and Gerber's widow, alleging abuse of process, conversion and fraud in connection with withdrawing the money from the decedent's bank accounts.

1993, filed separately. Judge Corrigan then signed journal entries accepting appellant's resignation and appointing Porter as successor administrator of the Gerber estate. Appellant appealed both entries. Both appeals were dismissed for lack of a final appealable order.

*Borgh Estate*

{¶ 6} On August 25, 1992, Porter was appointed successor administrator of the estate of Carl Borgh. Judge Corrigan had previously removed Betty Ann Cushman as testamentary executor and trustee.

{¶ 7} On February 10, 1994, Porter filed a motion to withdraw consent of the beneficiaries to attorney fees paid to appellant under a contractual agreement with the Borgh heirs.

*Mandamus and Prohibition Action*

{¶ 8} On June 13, 1994, appellant filed a complaint in the Court of Appeals for Cuyahoga County which requested the following extraordinary relief: (1) a writ of mandamus compelling Judge Corrigan to open the journals of the probate court to public inspection and to correct the record in the probate court cases relating to the Gerber estate, (2) a writ of prohibition to prevent Judge Corrigan from conducting any proceedings or entering any orders as to attorney fees paid to appellant in the Borgh estate, (3) an alternative writ to command all persons having pertinent evidence not to destroy or conceal that evidence, (4) an alternative writ requiring Litzow to account for all funds removed from the disputed Gerber bank accounts and to restore the funds to those accounts or post sufficient bond to protect the Gerber estate, and (5) an alternative writ staying all probate court proceedings as to the Gerber and Borgh estates. The three requests for alternative writs were all connected to retaining the status quo pending resolution of the writ action.

{¶ 9} In January 1995, the court of appeals entered judgment granting Judge Corrigan's and Litzow's Civ.R. 12(B)(6) motions to dismiss and Donahue & Scanlon and Porter's Civ.R. 12(F) motion to strike, and denying the requested writs.

**{¶ 10}** The cause is now before this court upon an appeal as of right.

_____

*Snyder, Neff & Chamberlin* and *Owen Calvin Neff, pro se*.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, *Gregory B. Rowinski* and *Carol Shockley*, Assistant Prosecuting Attorneys, for appellee Judge Corrigan.

*Reminger & Reminger Co., L.P.A.*, and *Clifford C. Masch*, for appellee Joan M. Litzow.

_____

**DOUGLAS, J.**

**{¶ 11}** Appellant asserts in his first proposition of law that the court of appeals erred in granting Judge Corrigan's and Litzow's Civ.R. 12(B)(6) motions to dismiss for failure to state a claim upon which relief can be granted and Donahue & Scanlon and Porter's Civ.R. 12(F) motion to strike. In order to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, after all factual allegations are presumed true and all reasonable inferences are made in favor of the nonmoving party, it must appear beyond doubt from the complaint that the relator/plaintiff can prove no set of facts warranting relief. *State ex rel. Williams Ford Sales, Inc. v. Connor* (1995), 72 Ohio St.3d 111, 113, 647 N.E.2d 804, 806.

**{¶ 12}** As to the motion to strike, Civ.R. 12(F) provides that on motion of a party, "the court may order stricken from any pleading any insufficient claim or defense or any redundant, immaterial, impertinent or scandalous matter." The motion to strike attacked the sufficiency of appellant's complaint in its entirety. While an insufficient complaint may be subject to a Civ.R. 12(F) motion to strike, these motions should not be used as a substitute for a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted. See, *e.g.*, McCormac, Ohio Civil Rules Practice (2 Ed.1992) 140, Section 6.10. Instead, a

Civ.R. 12(B)(6) motion to dismiss is directed to the entire pleading, whereas a Civ.R. 12(F) motion to strike based on insufficiency of a claim should only be used to attack individual claims which are not dispositive of the entire action. See, generally, Browne, Motions to Strike, Ohio Civil Practice Journal (January/February 1990) 29-30; 1 Klein, Browne & Murtaugh, Baldwin's Ohio Civil Practice (1995) 62, Section T 15.01(A)(1)(b); Staff Note 6 to Civ.R. 12. Nevertheless, a trial court's erroneous use of Civ.R. 12(F) in lieu of Civ.R. 12(B)(6) where the issue is sufficiency of an entire complaint does not constitute reversible error based on a mere misdesignation of the appropriate motion, since the question of sufficiency is adequately raised. See, *e.g.*, *State ex rel. Walton v. Hunter* (1990), 53 Ohio St.3d 269, 559 N.E.2d 1362 (affirmance of Civ.R. 12[F] motion to strike entire pleading based on its insufficiency). However, the better practice is to use a Civ.R. 12(B)(6) motion, rather than a Civ.R. 12(F), motion where the sufficiency of the entire complaint is at issue.

{¶ 13} Applying the Civ.R. 12(B)(6) standard to the various claims raised in appellant's complaint, we note that appellant placed primary emphasis on extraordinary relief in prohibition and mandamus against Judge Corrigan. Appellant's claim for a writ of prohibition was limited to preventing Judge Corrigan from conducting any further proceedings on attorney fees previously paid to appellant in the Borgh estate. In order to be entitled to a writ of prohibition, appellant has to establish (1) that Judge Corrigan is about to exercise judicial or quasi-judicial power, (2) that the exercise of that power is unauthorized by law, and (3) that denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Fowler v. Smith* (1994), 68 Ohio St.3d 357, 359, 626 N.E.2d 950, 952. Absent a patent and unambiguous lack of jurisdiction, a court having general jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction has an adequate remedy by appeal.

*State ex rel. Enyart v. O'Neill* (1995), 71 Ohio St.3d 655, 656, 646 N.E.2d 1110, 1112.

{¶ 14} Appellant contends that Judge Corrigan patently and unambiguously lacked jurisdiction to consider Porter's motion to withdraw consent of the beneficiaries to the Borgh estate to attorney fees paid to appellant. Appellant claims that Judge Corrigan lacked jurisdiction after a prior executor's appeals were dismissed following settlement. Appellant relies on *State ex rel. Special Prosecutors v. Judges of Belmont Cty. Court of Common Pleas* (1978), 55 Ohio St.2d 94, 9 O.O.3d 88, 378 N.E.2d 162 (writ of prohibition allowed to prevent trial court from proceeding with trial after granting a postsentence motion to withdraw guilty plea after appeal from judgment of conviction and sentence had been affirmed on appeal because allowing the withdrawal of the plea was inconsistent with the court of appeals' judgment).

{¶ 15} When a case has been appealed, the trial court retains all jurisdiction not inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment. *Howard v. Catholic Soc. Serv. of Cuyahoga Cty., Inc.* (1994), 70 Ohio St.3d 141, 147, 637 N.E.2d 890, 895. As the court of appeals determined, the settled appeals did not involve the attorney fees issue. See *Marshall Cty. Health Care Auth. v. Shalala* (C.A.D.C.1993), 988 F.2d 1221; *Watterson v. Page* (C.A.1, 1993), 987 F.2d 1; and *Kramer v. Time Warner Inc.* (C.A.2, 1991), 937 F.2d 767, 773, allowing courts to take judicial notice of appropriate matters in considering a motion to dismiss for failure to state a claim under the similarly worded Fed.R.Civ.P. 12(b)(6) without having to convert it to a motion for summary judgment; see, also, *First Michigan Bank. & Trust Co. v. P. & S. Bldg.* (Feb. 16, 1989), Meigs App. No. 413, unreported, at 6 ("Conceivably a court may take judicial notice of adjudicative facts under Evid.R. 201 in determining a Civ.R. 12[B][6] motion * * *.").

{¶ 16} Further, even if the attorney fees matter had been raised in the prior appeals, once those appeals were dismissed, Judge Corrigan possessed jurisdiction to consider Porter's motion. *State ex rel. Newton v. Court of Claims* (1995), 73 Ohio St.3d 553, 558, 653 N.E.2d 366, 371; see, also, R.C. 2113.36 ("When an attorney has been employed in the administration of the estate, reasonable attorney fees paid by the executor or administrator shall be allowed as a part of the expenses of administration."). Judge Corrigan acted within his jurisdiction to consider Porter's motion, and appellant possessed an adequate remedy at law. Therefore, *Special Prosecutors* is inapposite, and the court of appeals did not err in dismissing appellant's prohibition claim against Judge Corrigan because it is beyond doubt that appellant could not prove any set of facts entitling him to a writ of prohibition.

{¶ 17} Appellant also sought a writ of mandamus compelling Judge Corrigan to open the journals of the probate court to public inspection and to correct the record in the probate court cases relating to the Gerber estate. In order to be entitled to a writ for mandamus, appellant must establish (1) a clear legal right to the requested relief, (2) a clear legal duty to perform these acts on the part of Judge Corrigan, and (3) the lack of a plain and adequate remedy in the ordinary course of law. *State ex rel. Carter v. Wilkinson* (1994), 70 Ohio St.3d 65, 637 N.E.2d 1.

{¶ 18} As to appellant's mandamus claim to compel Judge Corrigan to open the probate court's journal, the court of appeals determined that "the copies of numerous filings in the probate court which accompany relator's affidavit contradict relator's assertion that the records of the probate court are not open and available for inspection and copying." (In fact the copies of the filings were not attached to the affidavit, but it is obvious that appellant had access to them.) In addition, appellant does not assert any error by the court of appeals in dismissing the foregoing claim.

{¶ 19} Appellant instead contends that the court of appeals erred in dismissing and striking his claim for a writ of mandamus compelling Judge

Corrigan to correct the Gerber estate probate court records. The court of appeals determined that appellant possessed an adequate remedy at law by appealing the various entries in the Gerber estate cases, including the entries accepting appellant's resignation as executor and appointing Porter as successor administrator. The court of appeals cited *State ex rel. Worcester v. Donnellon* (1990), 49 Ohio St.3d 117, 551 N.E.2d 183, in support of its holding, and further noted that various appeals had "been concluded" as to all of the cases giving rise to the action.

{¶ 20} While we find *Worcester* to be, possibly, inapposite, we now, nevertheless, limit *Worcester* to its facts. Notwithstanding this, we agree with the court of appeals that appellant had an adequate remedy at law. Appellant could have filed a Civ.R. 60(B)(5) motion for relief from judgment and could have appealed from an adverse ruling on the motion if, in fact, the ruling was adverse.

{¶ 21} The time has come to put an end to the seemingly interminable delays that these estates have been subjected to by appellant. Judge Corrigan is fully capable of determining the issues before him and has sought to do so in spite of appellant's continued efforts at delay. We should not and will not be part of further delaying Judge Corrigan's actions and his jurisdiction.

{¶ 22} Accordingly, the judgment of the court of appeals is affirmed in all respects.

*Judgment affirmed.*

MOYER, C.J., RESNICK, F.E. SWEENEY and PFEIFE,R JJ., concur.

COOK, J., concurs separately.

WRIGHT, J., concurs in part and dissents in part.

––––––––––––––––––

**COOK, J., concurring.**

{¶ 23} Although not argued by the parties to this appeal, the threshold issue is whether the appellant's claims against the court are maintainable as mandamus

8

or prohibition actions. Specifically, I question the court's treating as a justiciable controversy in an estate, an attorney's claim that the court engaged in fraud and collusion. Allegations of fraudulent practices by a judge are to be addressed in disciplinary proceedings. I do not see it as practical that the court alleged to have engaged in conspiracy and fraud should then consider a Civ. R. 60(B) motion for relief from a judgment carrying out the conspiracy.

{¶ 24} Appellant's complaint asks to set aside a settlement agreement. Usually the procedure employed is a motion to vacate a settlement agreement, not an extraordinary writ. Moreover, because appellant is apparently not representing the interests of any party to this estate, but rather appears only to be attempting to protect his interests in fees, his remedy is outside the scope of the mandamus action he has pursued. Finally, while there is a legal duty imposed on courts to have their records speak the truth, does a nonparty attorney, currently representing the interests of none of the parties, have a <u>right</u> to any correction of the record?

{¶ 25} I concur in the judgment to affirm the court of appeals and deny the writs.

————————————

**WRIGHT, J., concurring in part and dissenting in part.**

{¶ 26} Although I join with the court in the bulk of its opinion, I respectfully dissent from the portion that addresses Neff's petition for mandamus to correct the journal entries of the probate court. The court of appeals erroneously dismissed this petition on a Civ.R. 12(B)(6) motion, in spite of the deference that procedural device affords nonmoving parties.

{¶ 27} The majority bases its disposition of this issue on two questionable grounds. First, it incorrectly suggests that this court's decision in *State ex rel. Worcester v. Donnellon* (1990), 49 Ohio St.3d 117, 551 N.E.2d 183, is inapplicable to the matter at hand, while stating that *Worcester* ought to be limited to its facts.

Despite careful review of the court's opinion, I have been unable to find any support for either of these conclusions.

{¶ 28} Second, the majority asserts that mandamus was inappropriate in this matter because Neff possessed an adequate remedy at law, a Civ.R. 60(B)(5) motion for relief from judgment. However, such a motion offers no relief to Neff because neither of the journal entries Neff wishes to correct is "a final judgment, order or proceeding" subject to review under Civ.R. 60(B).

{¶ 29} Consequently, there is no adequate remedy at law available to Neff. In light of this consideration, as well as those I have outlined above, we should reverse the court of appeals' decision on this narrow issue.

_____