DECISION
IN PROHIBITION ON OBJECTIONS TO THE MAGISTRATE'S DECISION
¶ 1} Relator, Angela Sue Everhart, commenced this original action requesting that this court issue a writ of prohibition ordering respondent, Judge Angela White of the Franklin County Court of Common Pleas, to refrain from issuing any further discovery orders during the pendency of relator's appeal from respondent's order denying relator's motion for a protective order. *Page 2 
 {¶ 2} This court referred the matter to a magistrate of this court, pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth District Court of Appeals. Thereafter, respondent filed a Civ.R. 12(B)(6) motion, arguing that relator has failed to state a claim upon which relief can be granted. On December 11, 2006, the magistrate issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate determined that relator's request for a writ of prohibition is premised exclusively upon her assertion that respondent lacks jurisdiction to proceed in the underlying common pleas court matter during the pendency of relator's appeal in this court. The magistrate reasoned that because relator's appeal was dismissed and because relator currently has no other appeal from the underlying case pending in this court, there is no basis upon which this court could issue the requested writ of prohibition. Thus, the magistrate recommended that relator's request for a writ of prohibition should be denied and respondent's motion to dismiss should be granted. Relator filed objections to the magistrate's decision, and, therefore, this matter is now before this court for a full, independent review.
 {¶ 3} By her objections, relator seems to argue that her appeal in case No. 06AP-971, Everhart v. Knox Community Hosp., is somehow still pending before this court, and, therefore, respondent lacks jurisdiction to proceed in the underlying common pleas court matter. However, this court's November 6, 2006 journal entry of dismissal explicitly dismissed the appeal for lack of a final appealable order. In addition, our review of this court's docket indicates that relator currently does not have an appeal pending in this court. Relator also seems to argue that, by referring to this court's November 6, 2006 journal entry of dismissal, the magistrate erred by not treating respondent's motion as a *Page 3 
motion for summary judgment and allowing the parties to present all materials that are pertinent to a motion for summary judgment. That argument is also unpersuasive, as it was not error for the magistrate to take notice of the dismissal of case No. 06AP-971, without converting respondent's Civ.R. 12(B)(6) motion into a motion for summary judgment. See State ex rel. Neff v. Corrigan, 75 Ohio St.3d 12, 16, 1996-Ohio-231, and cases cited therein (courts may take judicial notice of appropriate matters in determining Civ. R. 12[B][6] motion without converting it to a motion for summary judgment).
 {¶ 4} Following our independent review of this matter, we find that the magistrate has properly discerned the pertinent facts and applied the relevant law to those facts. Thus, we overrule relator's objections, and adopt the magistrate's decision as our own, including the magistrate's findings of fact and conclusions of law. In accordance with the magistrate's decision, we grant respondent's motion to dismiss and deny the writ of prohibition.
Objections overruled; motion to dismiss granted; writ of prohibitiondenied.
 KLATT and McGRATH, JJ., concur. *Page 4 
 APPENDIX A MAGISTRATE' S DECISION IN PROHIBITION ON MOTION TO DISMISS {¶ 5} Relator, Angela Sue Everhart, has filed a complaint in prohibition against respondent, Judge Angela White of the Franklin County Court of Common Pleas, ordering respondent to refrain from issuing any further discovery orders during the *Page 5 
pendency of relator's appeal from respondent's order denying relator's motion for a protective order.
Findings of Fact: {¶ 6} 1. Relator is the plaintiff in an action filed in the Franklin County Court of Common Pleas case No. 03CVA09-9986.
 {¶ 7} 2. In her complaint, relator states that she filed a motion for a protective order in the trial court which the trial court denied on September 26, 2006.
 {¶ 8} 3. Thereafter, relator filed a notice of appeal in this court inEverhart v. Knox Community Hosp., case No. 06AP-971.
 {¶ 9} 4. On October 11, 2006, relator filed the instant complaint in prohibition seeking an order from this court ordering respondent to refrain from exercising any jurisdiction in the underlying common pleas court case relative to discovery during the pendency of her appeal.
 {¶ 10} 5. On November 6, 2006, this court entered a journal entry of dismissal dismissing relator's appeal as premature.
 {¶ 11} 6. Thereafter, respondent filed a motion to dismiss and relator has filed a memorandum contra.
 {¶ 12} 7. Relator does not currently have an appeal pending in this court.
 {¶ 13} 8. The matter is currently before the magistrate on the motion to dismiss.
Conclusions of Law: {¶ 14} A writ of prohibition is an extraordinary judicial writ, the purpose of which is to restrain inferior courts and tribunals from exceeding their jurisdiction. State ex rel. Tubbs Jones v. Suster
(1998), 84 Ohio St.3d 70. A writ of prohibition is customarily *Page 6 
granted with caution and restraint, and is issued only in cases of necessity arising from the inadequacy of other remedies. Id. In order to be entitled to a writ of prohibition, relator must establish that: (1) respondent is about to exercise judicial or quasi-judicial powers; (2) the exercise of the power is unauthorized by law; and (3) the denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists. State ex rel. Henry v. McMonagle (2000),87 Ohio St.3d 543.
 {¶ 15} In the present case, relator's request for a writ of prohibition is premised exclusively upon her assertion that respondent lacks jurisdiction to proceed in the underlying common pleas court matter during the pendency of relator's appeal in this court. Because this court has dismissed relator's appeal and because relator does not currently have another appeal from the underlying case pending in this court, there is no basis upon which this court could issue a writ of prohibition ordering respondent to refrain from exercising its jurisdiction.
 {¶ 16} Based on the foregoing, relator's request for a writ of prohibition should be denied and respondent's motion to dismiss should be granted.
/s/Stephanie Bisca Brooks
 STEPHANIE BISCA BROOKS MAGISTRATE *Page 1