[Cite as *Harris v. Pro-Lawn Landscaping, Inc.*, 2012-Ohio-498.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97302**

## FREDERICK D. HARRIS, M.D.

PLAINTIFF-APPELLANT

vs.

## PRO-LAWN LANDSCAPING, INC.

DEFENDANT-APPELLEE

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-748247

**BEFORE:** S. Gallagher, J., Celebrezze, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** February 9, 2012

**ATTORNEY FOR APPELLANT**

Michael D. Rossi
Guarnieri & Secrest, P.L.L.
151 East Market Street
P.O. Box 4270
Warren, OH   44482


**ATTORNEY FOR APPELLEE**

Patrick S. Corrigan
55 Public Square
Suite 930
Cleveland, OH   44113


SEAN C. GALLAGHER, J.:

{¶ 1}   Appellant Frederick D. Harris, M.D., appeals the judgment of the Cuyahoga County Court of Common Pleas that dismissed the case with prejudice.   For the reasons stated herein, we reverse the decision of the trial court and remand the matter for further proceedings.

{¶ 2}   On February 9, 2011, Harris filed a complaint against appellee, Pro-Lawn Landscaping, Inc. ("Pro-Lawn").   Harris sought to recover damages in connection with alleged negligent and defective landscaping services provided by Pro-Lawn.

**{¶ 3}** On April 7, 2011, Pro-Lawn filed a motion to dismiss pursuant to Civ.R. 12(B)(6) and Civ.R. 41. Pro-Lawn claimed that the identical claim had been filed and dismissed twice before and that the second dismissal was with prejudice. Pro-Lawn attached exhibits to its motion reflecting the prior complaints and dismissals.

**{¶ 4}** In opposing the motion, Harris argued that both prior dismissals were without prejudice. He attached journal entries reflecting the prior dispositions. The entries show that the first action was dismissed without prejudice on February 13, 2009, after the plaintiff failed to appear for the final pretrial. The second action was dismissed without prejudice on August 10, 2010, for failure to prosecute.

**{¶ 5}** The trial court denied the first motion to dismiss. Subsequently, on August 5, 2011, Pro-Lawn filed another motion to dismiss pursuant to Civ.R. 12(B)(6). Pro-Lawn argued that Harris failed to timely reassert his claim and that Ohio's savings statute, R.C. 2305.19, could not be used to revive the action. The trial court granted the motion, which was unopposed by Harris, and dismissed the action with prejudice on August 21, 2011. Harris filed an opposition brief the following day. He then filed a timely appeal to this court.

**{¶ 6}** Under his sole assignment of error, Harris claims the trial court erred in granting the motion to dismiss. He claims that the court failed to convert Pro-Lawn's motion into a motion for summary judgment where matters outside the complaint were not excluded by the court. He further argues that the complaint sets forth an actionable

claim and that the standard for a Civ.R. 12(B)(6) motion was not met.  We find merit to his argument.

{¶ 7}  Our review of a trial court's decision to dismiss a complaint pursuant to Civ.R. 12(B)(6) is de novo.  *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, 956 N.E.2d 814, ¶ 12.  In order for a court to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the plaintiff can prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the nonmoving party's favor.  *State ex rel. Findlay Publishing Co. v. Schroeder*, 76 Ohio St.3d 580, 581, 1996-Ohio-360, 669 N.E.2d 835.  A complaint may not be dismissed under Civ.R. 12(B)(6) for failing to comply with the applicable statute of limitations unless the complaint on its face conclusively indicates that the action is time-barred.  *McKinley* at ¶ 13.

{¶ 8}  When ruling on a Civ.R. 12(B)(6) motion, a court may not rely upon evidence or allegations outside the complaint.  *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207, 1997-Ohio-169, 680 N.E.2d 985.  Civ.R. 12(B)(6) instructs in pertinent part:

> When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56.  Provided however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56.  All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.

However, it has been recognized that courts may take judicial notice of "appropriate matters" in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment. *State ex rel. Scott v. Cleveland,* 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 26, citing *State ex rel. Neff v. Corrigan*, 75 Ohio St.3d 12, 16, 1996-Ohio-231, 661 N.E.2d 170.

**{¶ 9}** In moving for a dismissal in this matter, Pro-Lawn asserted that the action had been filed and dismissed twice before and that the savings statute could not be re-invoked. While documents evincing the prior cases and dismissals were submitted by the parties, these were not appropriate matters upon which judicial notice could be taken. As this court has previously recognized,

> A trial court may take judicial notice of "appropriate matters" in considering a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim. However, a trial court cannot take judicial notice of court proceedings in another case. Similarly, a trial court may not take judicial notice of prior proceedings in the court even if the same parties and subject matter are involved. A trial court may only take judicial notice of prior proceedings in the immediate case. (Citations and quotations omitted.) *NorthPoint Properties, Inc. v. Petticord*, 179 Ohio App.3d 342, 2008-Ohio-5996, 901 N.E.2d 869, ¶ 16 (8th Dist.).

In accordance with the foregoing, the trial court was precluded from taking judicial notice of any proceedings in the prior actions.

**{¶ 10}** We recognize that harmless error has been found where a trial court fails to provide notice of its intent to convert a motion to dismiss to a motion for summary judgment where both parties rely on matters outside the complaint and no prejudice results. *See EMC Mtge. Corp. v. Jenkins*, 164 Ohio App.3d 240, 2005-Ohio-5799, 841

N.E.2d 855, ¶ 12-14 (10th Dist.). However, in this case, there is no indication that the trial court converted the motion and Harris was not afforded a reasonable opportunity to submit evidence on the timeliness of his claims.

{¶ 11} The complaint set forth a tort claim for alleged negligent and defective landscaping services. Harris alleged that he retained Pro-Lawn on or about March 19, 2007, "to construct a center island fountain, pave a walkway around the fountain, plant various flowers and plants, and install and repair an irrigation system." While Harris alleged damage to his property, the complaint does not state when the landscaping services were performed or when the damage became apparent.

{¶ 12} In moving to dismiss the action, Pro-Lawn argued that Ohio's savings statute, R.C. 2305.19(A), could not be invoked a second time. However, it is not clear that Harris utilized the savings statute. The complaint fails to reflect when the cause of action accrued, and no argument was presented as to the applicable statute of limitations. Because it cannot be conclusively ascertained from the face of the complaint that the action is time-barred and it does not appear beyond doubt that the plaintiff can prove no set of facts warranting relief, the trial court erred in granting Pro-Lawn's motion to dismiss. Harris's sole assignment of error is sustained.

Judgment reversed, cause remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
MARY EILEEN KILBANE, J., CONCUR