[Cite as *Ghaster v. Rocky River*, 2013-Ohio-5587.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99779**

# PAMELA A. GHASTER, ET AL.

PLAINTIFFS-APPELLANTS

vs.

# CITY OF ROCKY RIVER, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED IN PART, REVERSED AND
REMANDED IN PART

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-759534

**BEFORE:** Kilbane, J., Boyle, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 19, 2013

**ATTORNEY FOR APPELLANTS**

Kenneth D. Myers
6100 Oak Tree Boulevard
Suite 200
Independence, Ohio 44131

**ATTORNEYS FOR APPELLEES**

David Ross
Michelle J. Sheehan
Reminger Co., L.P.A.
101 West Prospect Avenue
Suite 1400
Cleveland, Ohio 44115

MARY EILEEN KILBANE, J.:

{¶1} Plaintiffs-appellants, Pamela ("Pam") and Earl Ghaster (collectively referred to as "plaintiffs"), appeal from the trial court's decision granting summary judgment in favor of defendants-appellees, the city of Rocky River ("City"), retired Rocky River Police Chief Donald Wagner ("Wagner"), and retired Rocky River Police Detective Carl Gulas ("Gulas"). Plaintiffs also appeal from the trial court's decision to grant, in part, defendants' motion to dismiss. For the reasons set forth below, we affirm in part, reverse in part, and remand.

{¶2} The instant appeal arises from a complaint filed by the plaintiffs in July 2011, against the City, Wagner, Gulas, Rocky River Law Director Andrew Bemer ("Bemer"), and Rocky River Prosecutor Michael O'Shea ("O'Shea")(collectively referred to as "defendants").[1] Plaintiffs essentially allege the defendants conspired to get the plaintiffs to move from Rocky River, Ohio. Plaintiffs allege the "conspiracy" began after Pam was "involved in several minor disputes with a couple of her neighbors. Rather than treat these with the degree of attention these disputes deserved, * * * the municipal defendants began charging [Pam] with criminal offenses[.]"

{¶3} Pam was charged in three different Rocky River Municipal Court cases. In the first case, Pam was charged on September 6, 2007, with the intimidation of a witness,

---

[1] Plaintiffs' complaint was initially brought in federal court in September 2009. The U.S. District Court for the Northern District of Ohio dismissed the complaint without prejudice in July 2010 and declined to exercise jurisdiction over the state law claims in the complaint. The instant complaint is a refiled version of the federal complaint listing only the state law claims.

obstructing official business, and two counts of disorderly conduct. The City dismissed both disorderly conduct charges and proceeded to a jury trial on the remaining charges. The jury found Pam guilty of intimidation and obstructing official business. The trial court sentenced Pam to 180 days in jail on each charge, to run concurrent, with 90 days to be served immediately and 90 days stayed, two years of probation, and a total of $1,000 in fines ($500 on each offense) plus court costs. *See State v. Ghaster*, 8th Dist. Cuyahoga No. 90838, 2009-Ohio-2177 ("*Ghaster I*"). In the second case, she was charged on September 11, 2007, with making a false alarms and disorderly conduct. The City dismissed these charges prior to trial. In the third case, she was charged on October 1, 2007, with menacing by stalking. The matter proceeded to a jury trial, where she was found guilty. The trial court sentenced Pam to 180 days in jail. *State v. Ghaster*, 8th Dist. Cuyahoga No. 91576, 2009-Ohio-2134 ("*Ghaster II*").

{¶4} Pam appealed from the September 6, 2007 case in *Ghaster I* and from the October 1, 2007 case in *Ghaster II*. In *Ghaster I*, we found that the criminal complaints in the case were sufficient under Crim.R. 3 and the denial of Pam's motion for acquittal under Crim.R. 29 on the intimidation charge was proper. *Id.* at ¶ 28, 42. We further found that the evidence supported both of her convictions. *Id.* at ¶ 58. In *Ghaster II*, we found that the denial of Pam's motion for acquittal under Crim.R. 29 was proper and the evidence supported her conviction. *Id.* at ¶ 38, 47.

{¶5} In their complaint, plaintiffs allege the following:

1. "[i]n addition to initiating criminal * * * prosecutions without probable cause,"

the defendants kept a "box" containing copies of police reports, news clippings, and private information on Pam. Specifically, the box contained documents with two different social security numbers for Pam and information on her self-proclaimed status as a confidential informant ("CI"). Pam alleged that members of the public could access the contents of this box by simply asking for it from the Rocky River Police Department.

2. Defendants published in public court records private law enforcement records regarding Pam.

3. Bemer and private citizens attempted to persuade one witness not to testify on Pam's behalf in one of her criminal proceedings.

4. Defendants obtained Pam's cell phone under false pretenses and Gulas used a false affidavit to obtain court permission to inspect the contents of Pam's cell phone.

5. Defendants inspected her medical records while she was hospitalized and in defendants' custody, without prior authorization from her.

6. The City failed to investigate incidents in which plaintiffs' home and property were vandalized.

7. The City, Bemer, Wagner, and O'Shea failed to investigate incidents in which plaintiffs complained that private citizens were attempting to tamper with and intimidate the plaintiffs' witnesses. In these "anonymous letters," neighbors complained about Pam and told the plaintiffs that an unidentified group of neighbors wanted them out of the neighborhood.

8. According to at least one of these anonymous letters sent to plaintiffs, O'Shea,

Wagner, and other City officials "encouraged members of the community to send these anonymous threatening letters to the plaintiffs."

{¶6} Plaintiffs allege that "[a]ll of these things were done in furtherance of a conspiracy between the defendants and members of the community, all in an effort to induce plaintiffs to move" from Rocky River.

{¶7} In count one of the complaint, plaintiffs allege the defendants invaded their privacy by publishing Pam's social security number and her status as a CI and by viewing her medical records without consent. In count two, plaintiffs allege malicious prosecution by the defendants for initiating and furthering criminal prosecutions without probable cause. In count three, plaintiffs allege that the actions of the defendants, in initiating and furthering the criminal prosecution of Pam without probable cause, constitutes abuse of process. In count four, plaintiffs allege that all of defendants' actions, "in initiating and furthering criminal actions against [Pam] without probable cause and for the purpose of forcing her to leave the community, in creating and spreading false statements about plaintiffs, in creating and spreading false documents, [and] in conspiring with other members of the Rocky River community" constitutes intentional infliction of emotional distress. In count five, plaintiffs allege that defendants' actions constitute civil conspiracy.

{¶8} In response to plaintiffs' complaint, defendants filed a motion to dismiss under Civ.R. 12(B)(6). Defendants' argued that plaintiffs': (1) invasion of privacy claim failed to state a claim upon which relief could be granted; (2) malicious prosecution

claim is barred by the statute of limitations (the charges plaintiffs complained of were dismissed in 2008 and plaintiffs filed their complaint in 2011); (3) abuse of process claim failed to state a claim upon which relief could be granted; (4) intentional infliction of emotional distress claim failed to state a claim upon which relief could be granted; and (5) civil conspiracy claim failed to state a claim upon which relief could be granted. Plaintiffs opposed defendants' motion. The trial court granted defendants' motion as to counts two, three, and four (malicious prosecution, abuse of process, and intentional infliction of emotional distress), and dismissed O'Shea and Bemer from the case, finding that both defendants are immune under R.C. 2744.03. The trial court stated:

> [Plaintiffs'] claim for malicious prosecution is untimely as any causes of action for malicious prosecution must be commenced within one year after the cause of action accrues. The court finds that [plaintiff's'] claim for malicious prosecution should have been initiated at the latest in January of 2009. Likewise [plaintiffs'] claim for abuse of process was untimely in that it too must have been initiated within one year after the cause of action. Moreover plaintiff in her complaint alleged that defendants initiated proceedings against her without probable cause. One element of abuse of process requests a plaintiff demonstrate a legal proceeding was set in motion against them with probable cause. [Plaintiff's'] pleading fails to state a claim for abuse of process to which relief could be granted. Additionally, plaintiff has failed to allege any supporting facts demonstrating she suffered severe emotional distress as a result of any of the defendants' actions. Conclusory allegations of severe emotional distress without any supporting facts is insufficient as a matter of law to state a claim for intentional infliction of emotional distress. [*See Johnson v. J.B. Hunt Transport, Inc.*, N.D.Ohio No. 3:09CV01352, 2009 U.S. Dist. LEXIS 116962].

**{¶9}** Following a period of discovery, the remaining defendants filed a motion for summary judgment. Defendants denied liability for the invasion of privacy and civil conspiracy claims, arguing that they are immune from liability pursuant to R.C. Chapter

2744, the political subdivision tort liability statute. Plaintiffs opposed defendants'

motion for summary judgment. In a detailed judgment entry, the trial court granted

defendants' motion, finding the following:

> The claims currently pending before this court are plaintiffs' claims of invasion of privacy and civil conspiracy.
>
> * * *
>
> In Ohio, an actionable invasion of the right of privacy includes the unwarranted appropriation or exploitation of one's private affairs with which the public has no legitimate concern, or the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities. [*Kelly v. Sweeney*, 8th Dist. Cuyahoga No. 63931, 1993 Ohio App. LEXIS 5550]. While a civil conspiracy is defined as a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages. *Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St.3d 415, 1995-Ohio-61, 650 N.E.2d 863.] Additionally, an underlying unlawful act is required before a civil conspiracy claim can succeed. [*Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 1998-Ohio-294, 700 N.E.2d 859].
>
> * * *
>
> [R.C.] 2744.02(a) provides immunity to political subdivisions for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function. It is undeniable that the city of Rocky River is a political subdivision and its police department certainly carries out governmental function. Therefore, both are certainly entitled to immunity pursuant to [R.C.] 2744.02(A). Immunity may be removed if one of the five exceptions listed in [R.C.] 2744.02(B) is applicable to the facts. Plaintiffs submit that defendants' immunity status should be removed pursuant to [R.C.] 2744.02(B)(5). In furtherance of their argument, plaintiffs suggest defendants violated [R.C.]1347.10 and is thus no longer protected by [R.C.] 2744.02.
>
> [R.C.] 1347.10(a) reads: a person who is harmed by the use of personal information that relates to him and that is maintained in a personal information system may recover damages in civil action from any person

who directly and proximately caused the harm * * *.

Plaintiff, when asked whether she knew if anyone got her social security number, specifically responded no. Instead, plaintiff speculates that the information was viewed by several neighbors. Plaintiff Pamela Ghaster consistently testified about future potential damage but has failed to provide evidence demonstrating that her social security number had in fact been publicized or used as a result of any alleged disclosure. The publicity element, in invasion of privacy claims, requires that a matter is made public, by communicating it to the public at large, or to so many people that the matter must be regarded as substantially certain to become one of public knowledge. [*Welling v. Weinfeld*, 113 Ohio St.3d 464, 2007-Ohio-2451, 866 N.E.2d 1051.] Plaintiff has failed to provide evidence that her social security number has been published to so many people that it has become public knowledge in the Rocky River community.

While plaintiff did testify that she observed a Rocky River police officer reviewing her medical records while she was in custody, no evidence has been submitted that would inform the court of the content of the records observed by the police officer. Plaintiff certainly has not provided evidence that demonstrates any information obtained by the officer was published or otherwise disseminated to a third party, or that plaintiff has suffered harm as the result of the officers actions. The court therefore declines to find that plaintiffs have provided evidence that would lead a reasonable person to believe that the alleged intrusion was highly offensive.

Plaintiff Pamela Ghaster also testified that defendants invaded her privacy by disclosing her status as a confidential informant. [Defendants] however attached the transcript of an audiotaped hearing from plaintiff Pamela Ghaster's criminal proceedings in Rocky River court where plaintiff called a detective from the Westshore Enforcement Bureau (WEB) to testify about her work as an informant for the bureau. The facts seem to demonstrate that it was plaintiff who publicized her status as a confidential informant when she called the detective from WEB to testify on her behalf. Moreover, the court declines to find that a reasonable person would find one's status as a confidential informant is considered highly offensive and objectionable.

Plaintiffs likewise failed to provide evidence that would demonstrate that the individual defendants, Wagner and Gulus, had any involvement in producing any documents relating to her social security number, medical records, or status as a confidential informant. Again plaintiff speculates

that because the two individual defendants held supervisory roles, they were personally responsible for the actions and attitudes of the entire Rocky River Police Department. This court declines to accept such contention.

The court finds that defendants are immune pursuant to [R.C.] 2744.02(a). Plaintiffs have failed to demonstrate any of the exceptions to immunity that would remove defendants' cloak of immunity.

Civil conspiracy is a derivative claim. In order for a claim for civil conspiracy to succeed[,] a party must demonstrate the existence of an underlying unlawful act. Plaintiffs have failed to meet their burden as to the invasion of privacy cause of action, therefore as a matter of law, the claim for civil conspiracy likewise fails.

{¶10} Plaintiffs now appeal, raising the following six assignments of error for review, which shall be discussed together where appropriate.

Assignment of Error One

The trial court erred in dismissing [plaintiffs'] malicious prosecution claim on the statute of limitations grounds.

Assignment of Error Two

The trial court erred in dismissing defendants Bemer and O'Shea on immunity grounds.

Assignment of Error Three

The trial court erred in granting summary judgment on plaintiffs' invasion of privacy claims.

Assignment of Error Four

The trial court erred in granting summary judgment on plaintiffs' civil conspiracy claims.

Assignment of Error Five

The trial court erred in granting summary judgment to [the City] based on political subdivision immunity.

Assignment of Error Six

The trial court erred in granting summary judgment to [Wagner and Gulas] based on qualified immunity.

Motion to Dismiss

{¶11} In the first assignment of error, plaintiffs argue the trial court erred when it dismissed their malicious prosecution claim on statute of limitations grounds. In the second assignment of error, plaintiffs argue the court erred when it dismissed Bemer and O'Shea on immunity grounds.

{¶12} We apply a de novo standard of review to the trial court's granting of a motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5, citing *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136. Under this standard of review, we must independently review the record and afford no deference to the trial court's decision. *Herakovic v. Catholic Diocese of Cleveland*, 8th Dist. Cuyahoga No. 85467, 2005-Ohio-5985, ¶ 13.

{¶13} In order for a trial court to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle the plaintiff to relief. *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 11, citing *O'Brien v. Univ. Community Tenants*

*Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975).

{¶14} In resolving a Civ.R. 12(B)(6) motion, a court's factual review is confined to the four corners of the complaint. *Grady v. Lenders Interactive Servs.*, 8th Dist. Cuyahoga No. 83966, 2004-Ohio-4239, ¶ 6. Within those confines, a court accepts as true all material allegations of the complaint and makes all reasonable inferences in favor of the nonmoving party. *Fahnbulleh v. Strahan*, 73 Ohio St.3d 666, 667, 1995-Ohio-295, 653 N.E.2d 1186. "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145, 573 N.E.2d 1063 (1991).

Malicious Prosecution

{¶15} In the instant case, the trial court dismissed the malicious prosecution claim (count two) as untimely.[2] The court found that plaintiffs' claim for malicious prosecution should have been initiated at the latest in January 2009, noting that malicious prosecution claims must be commenced within one year after the cause of action accrues.

{¶16} In a malicious prosecution claim, the one-year statute of limitations begins

---

[2]The tort of malicious prosecution requires proof of three essential elements: "'(1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused.'" *Froehlich v. Ohio Dept. of Mental Health*, 114 Ohio St.3d 286, 2007-Ohio-4161, 871 N.E.3d 1159, quoting *Trussell v. Gen. Motors Corp.*, 53 Ohio St.3d 142, 146, 559 N.E.2d 732 (1990).

to toll when the prosecution is terminated in favor of the accused. *Froehlich* at ¶ 16, 23; R.C. 2305.11(A). "'[T]he usual method by which a public prosecutor signifies the formal abandonment of criminal proceedings is by the entry of a nolle prosequi, either with or without the leave of the court.'" *Froehlich* at ¶ 21, quoting Restatement of the Law 2d, Torts, Section 659 (1977). Plaintiffs argue that the court should not have dismissed this count because it is not clear from the complaint when the charges were dismissed by the City.

**{¶17}** We note that "[a] complaint may not be dismissed under Civ.R. 12(B)(6) for failing to comply with the applicable statute of limitations unless the complaint on its face conclusively indicates that the action is time-barred." *Harris v. Pro-Lawn Landscaping, Inc.*, 8th Dist. Cuyahoga No. 97302, 2012-Ohio-498, ¶ 7, citing *Ohio Bur. of Workers' Comp. v. McKinley,* 130 Ohio St.3d 156, 2011-Ohio-4432, 956 N.E.2d 814. As we previously stated, when ruling on a Civ.R. 12(B)(6) motion, a court may not rely upon evidence or allegations outside the complaint. *Grady* at ¶6.

**{¶18}** In plaintiffs' complaint, they allege that on September 6, 2007, Pam was charged with intimidation of a witness, obstructing official business, and two counts of disorderly conduct. The City dismissed both disorderly conduct charges and proceeded to a jury trial on the remaining charges. Plaintiffs further allege that Pam was charged with making a false alarm and disorderly conduct on September 11, 2007, and the City dismissed these charges prior to trial. Defendants argue that the dates of dismissal are public record on the Rocky River Municipal Court docket. In defendants' motion to

dismiss, defendants argued the docket indicates that the charges at issue were dismissed in the 2008 calendar year.

{¶19} We recognize that courts may take judicial notice of "appropriate matters" in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment. *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 26, citing *State ex rel. Neff v. Corrigan*, 75 Ohio St.3d 12, 16, 1996-Ohio-231, 661 N.E.2d 170. In the instant case, however, judicial notice of the Rocky River Municipal Court docket is not an appropriate matter upon which judicial notice could be taken. This court has previously stated that a trial court cannot take judicial notice of court proceedings in another case. "'Similarly, a trial court may not take judicial notice of prior proceedings in the court even if the same parties and subject matter are involved. A trial court may only take judicial notice of prior proceedings in the immediate case. (Citations and quotations omitted.)'" *Harris* at ¶ 9, quoting *NorthPoint Properties, Inc. v. Petticord*, 179 Ohio App.3d 342, 2008-Ohio-5996, 901 N.E.2d 869 (8th Dist.). Thus, the trial court was precluded from taking judicial notice of any proceedings in the prior actions.

**{¶20}** Plaintiffs' complaint sets forth a malicious prosecution claim, alleging defendants initiated and furthered criminal prosecutions against Pam without probable cause. The complaint referenced charges filed by the City on September 6 and September 11, 2007. While the complaint states that the charges were dismissed, the complaint does not state when the charges at issue were dismissed. Therefore, despite its detailed analysis, the trial court prematurely granted defendants' motion to dismiss on the malicious prosecution claim (count two).[3] While it cannot be conclusively ascertained from the face of the complaint that the malicious prosecution claim is time-barred, Civ.R. 12(B)(6) provides:

> When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in [Civ.R.] 56.

**{¶21}** Accordingly, the first assignment of error is sustained.

<u>Defendants — Bemer and O'Shea</u>

**{¶22}** In the second assignment of error, plaintiffs argue the trial court erred when it dismissed Bemer and O'Shea on absolute immunity grounds under R.C. 2744.03.

**{¶23}** R.C. 2744.03(A)(7) provides that a

---

[3]"We recognize that harmless error has been found where a trial court fails to provide notice of its intent to convert a motion to dismiss to a motion for summary judgment where both parties rely on matters outside the complaint and no prejudice results." *Harris*, 8th Dist. Cuyahoga No. 97302, 2012-Ohio-498 at ¶ 10, citing *EMC Mtge. Corp. v. Jenkins*, 164 Ohio App.3d 240, 2005-Ohio-5799, 841 N.E.2d 855 (10th Dist.). In this case however, there is no indication that the trial court converted the motion and plaintiffs were not afforded a reasonable opportunity to submit evidence on the timeliness of their malicious prosecution claim.

political subdivision, and an employee who is a county prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a political subdivision, an assistant to such person, or a judge of a court of this state is entitled to any defense or immunity available at common law or established by the Revised Code.

"At common law, prosecuting attorneys and law directors enjoyed absolute immunity when initiating a prosecution and presenting the state's case." *Friga v. E. Cleveland*, 8th Dist. Cuyahoga No. 88262, 2007-Ohio-1716, ¶ 11, citing *Willitzer v. McCloud*, 6 Ohio St.3d 447, 453 N.E.2d 693 (1983) and *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed. 2d 128 (1976).

{¶24} In *Imbler*, the United States Supreme Court held that a prosecutor enjoys absolute immunity against a lawsuit for actions that are performed pursuant to his or her function as advocate for the state. Actions falling within the scope of the so-called advocacy function are defined as those "intimately associated with the judicial phase of the criminal process." *Id.* at 430. The *Imbler* Court noted that

> [t]he common-law immunity of a prosecutor is based upon the same considerations that underlie the common-law immunities of judges and grand jurors acting within the scope of their duties. These include concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust.

*Id.* at 422-423. The Ohio Supreme Court in *Willitzer*, however, stated that "'absolute immunity does not extend to a prosecutor engaged in essentially investigative or administrative functions.' *Dellums v. Powell*, 660 F.2d 802, 805 (D.C.Cir.1981), and cases cited therein. While performing these functions, [the prosecutor] is entitled to

only a qualified immunity." *Id.* at 449.

{¶25} In their complaint, plaintiffs specifically allege that Bemer "attempted to persuade at least one witness not to testify on [Pam's] behalf in one of the criminal proceedings[,]" Bemer and O'Shea "failed to investigate incidents in which plaintiffs complained in open court that their neighbors "attempt[ed] to tamper with and intimidate [their] witnesses in the pending criminal matters[,]" and O'Shea sent an email in reference to the plaintiffs' complaint stating that he needed to "'put a lid on this ASAP.'" They further allege that Bemer and O'Shea initiated proceedings without probable cause. Plaintiffs argue that these actions place Bemer and O'Shea outside of absolute immunity. We disagree.

{¶26} The actions plaintiffs complain of clearly fall within the prosecutor's advocacy function. Witness investigation and initiating criminal proceedings are "intimately associated with the judicial phase of the criminal process." The trial court, therefore, did not err in concluding these officials were immune under R.C. 2744.03.

{¶27} Thus, the second assignment of error is overruled.

Motion for Summary Judgment

{¶28} In the third, fourth, fifth, and sixth assignments of error, plaintiffs challenge the trial court's grant of defendants' summary judgment motion on their invasion of privacy and civil conspiracy claims.

{¶29} We review an appeal from summary judgment under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671

N.E.2d 241; *Zemcik v. LaPine Truck Sales & Equip. Co.*, 124 Ohio App.3d 581, 585, 706 N.E.2d 860 (8th Dist.1998). In *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389, 696 N.E.2d 201, the Ohio Supreme Court set forth the appropriate test as follows:

> Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264, 273-274.

**{¶30}** Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385, 1996-Ohio-389, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 1992-Ohio-95, 604 N.E.2d 138.

**{¶31}** In the instant case, the trial court granted defendants' motion for summary judgment on plaintiffs' invasion of privacy and civil conspiracy claims, finding that: "defendants are immune pursuant to [R.C.] 2744.02(a). Plaintiffs have failed to demonstrate any of the exceptions to immunity that would remove defendants' cloak of

immunity."

{¶32} Determining whether a political subdivision is immune from liability under R.C. 2744.02 involves a three-tiered analysis. *Elston v. Howland Local Schools*, 113 Ohio St.3d 314, 2007-Ohio-2070, 865 N.E.2d 845, ¶ 10; *Greene Cty. Agricultural Soc. v. Liming*, 89 Ohio St.3d 55, 556, 2000-Ohio-486, 733 N.E.2d 1141. A general grant of immunity is provided within the first tier, which states that "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." R.C. 2744.02(A)(1).

{¶33} The second tier in the immunity analysis focuses on the five exceptions to this immunity, which are listed in R.C. 2744.02(B). *Elston* at ¶ 11. If any of the exceptions to immunity are applicable, thereby exposing the political subdivision to liability, the third tier of the analysis assesses whether any of the defenses to liability contained in R.C. 2744.03 apply to reinstate immunity. *Id.* at ¶ 12.

{¶34} We begin our analysis at the first tier by determining whether the City has established that it is entitled to political immunity. It is undisputed that the city of Rocky River is a political subdivision and the operation of a police department and the enforcement of the law is a governmental function. R.C. 2744.01(C)(1); R.C. 2744.01(C)(2). Therefore, the City is immune from liability under R.C. 2744.02(A)(1) unless one of the exceptions in R.C. 2744.02(B) applies.

**{¶35}** Plaintiffs argue that the City is not immune by virtue of R.C. 2744.02(B)(5), which provides:

> [A] political subdivision is liable for injury, death, or loss to person or property when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code, including, but not limited to, sections 2743.02 and 5591.37 of the Revised Code. Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon a political subdivision, because that section provides for a criminal penalty, because of a general authorization in that section that a political subdivision may sue and be sued, or because that section uses the term "shall" in a provision pertaining to a political subdivision.

Plaintiffs contend that civil liability is imposed upon the City by R.C. 1347.10 (Ohio Privacy Act) and R.C. 109.57(C) (duties of superintendent bureau) for the wrongful disclosure of Pam's personal information (social security number, self-proclaimed status as a CI, and her criminal record).

**{¶36}** R.C. 1347.10(A)(2) provides:

> A person who is harmed by the use of personal information that relates to him and that is maintained in a personal information system may recover damages in civil action from any person who directly and proximately caused the harm by * * * [i]ntentionally using or disclosing the personal information in a manner prohibited by law[.]

R.C. 1347.10(B) provides that the injured party can seek injunctive relief against the political subdivision for a violation of this chapter.

**{¶37}** In *McGraw v. Euclid*, 8th Dist. Cuyahoga No. 69952, 1996 Ohio App. LEXIS 3102 (July 18, 1996), we addressed an analogous situation where the plaintiff sued the city of Euclid and Euclid police chief, alleging a violation of rights under R.C. 1347.10. In affirming the trial court's dismissal of plaintiff's complaint, we noted that

"R.C. 1347.10 does not expressly impose liability against public employees to overcome their statutory immunity." *Id.* at *6. Therefore, this statute cannot be used to support the exception to immunity set forth in R.C. 2744.02(B)(5).

{¶38} R.C. 109.57(C)(1) provides that the superintendent of the bureau of criminal identification and investigation

> may operate a center for electronic, automated, or other data processing for the storage and retrieval of information, data, and statistics pertaining to criminals" and may "disseminate [this] information, data, and statistics for the use of law enforcement agencies[.]

This statute, however, contains no specific authorization to sue a political subdivision, nor does it impose civil liability upon a political subdivision. Therefore, this statute also cannot be used to support the exception to immunity set forth in R.C. 2744.02(B)(5).

{¶39} Accordingly, none of the exceptions in R.C. 2744.02(B) apply, and the City is immune from liability on plaintiffs' invasion of privacy and civil conspiracy claims.

{¶40} Plaintiffs further argue that the trial court erred in granting summary judgment in favor of Wagner and Gulas because they acted in bad faith and with malice by invading their privacy and working with their neighbors to get them move from the City.

{¶41} We recognized that immunity is also extended to individual employees of political subdivisions. R.C. 2744.03(A)(6); *O'Toole v. Denihan*, 118 Ohio St.3d 374, 2008-Ohio-2574, 889 N.E.2d 505, ¶ 47; *Cramer v. Auglaize Acres*, 113 Ohio St.3d 266, 2007-Ohio-1946, 865 N.E.2d 9, ¶ 17. For claims against individual employees, the three-tiered analysis is not used. *Cramer* at ¶ 17. Instead, R.C. 2744.03(A)(6) provides

that an employee is personally immune from liability unless

> (a) [t]he employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities; (b) [t]he employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; [or] (c) [c]ivil liability is expressly imposed upon the employee by a section of the Revised Code.

**{¶42}** Within the context of R.C. 2744.03(A)(6), "malice" refers to a willful and intentional design to do injury. *Meredith v. Cleveland Hts.*, 8th Dist. Cuyahoga No. 93436, 2012-Ohio-2472, ¶ 22, citing *Caruso v. State*, 136 Ohio App.3d 616, 737 N.E.2d 563 (10th Dist.2000) and *Jackson v. Butler Cty. Bd. of County Commrs.*, 76 Ohio App.3d 448, 602 N.E.2d 363 (12th Dist.1991). An employee acts in "bad faith" where there is a "dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive." *Jackson* at 454, quoting *Slater v. Motorists Mut. Ins. Co.*, 174 Ohio St. 148, 187 N.E.2d 45 (1962), paragraph two of the syllabus.

**{¶43}** In the instant case, there is nothing in the record to support plaintiffs' allegations that Wagner or Gulas specifically had any involvement in invading plaintiffs' privacy or were "working with the neighbors." Moreover, the record is devoid of evidence that Wagner's or Gulas's conduct was malicious or in bad faith.

**{¶44}** Therefore, we find that none of the exceptions to immunity found in R.C. 2744.02(B) and 2744.03(A)(6) are applicable under the facts of this case. As a result, the trial court properly found that defendants are immune from plaintiffs' claims.

**{¶45}** Accordingly, the third, fourth, fifth, and sixth assignments of error are overruled.

**{¶46}** Judgment is affirmed with respect to defendants' motion for summary judgment and reversed with respect to defendant's motion to dismiss on the malicious prosecution claim. The matter is remanded for further proceedings consistent with this opinion.

It is ordered that appellants and appellees share equally in the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

MARY J. BOYLE, P.J., and
EILEEN A. GALLAGHER, J., CONCUR